985 F.2d 585
 38 Cont.Cas.Fed. (CCH) P 76,497
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CONCRETE PLACING CO., INC., Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 92-5106.
 United States Court of Appeals, Federal Circuit.
 Dec. 31, 1992.
 
 Before MAYER, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The United States appeals from the judgment of the United States Court of Federal Claims, then Claims Court, awarding Concrete Placing Company, Inc. an equitable adjustment on a contract for the repair of an aircraft parking ramp at Gowen Field in Boise, Idaho. 25 Cl.Ct. 369 (1992). We affirm on other grounds.
 
 
 2
 It was error to apply a total cost theory of damages in this case, but the error does not require a remand. As the same amount would be awarded under the correct method of measuring damages, a remand would serve no purpose, but only delay disposition of the contractor's claim. The total cost approach may only be used in the rare case where it is proved that
 
 
 3
 (1) the nature of the particular losses make it impossible or highly impracticable to determine them with a reasonable degree of accuracy; (2) the plaintiff's bid or estimate was realistic; (3) its actual costs were reasonable; and (4) it was not responsible for the added expenses.
 
 
 4
 WRB Corp. v. United States, 183 Ct.Cl. 409, 426 (1968) (citations omitted); accord Servidone Construction Corp. v. United States, 931 F.2d 860, 861 (Fed.Cir.1991). In this case it was not impossible or impracticable for the contractor to determine with a reasonable degree of accuracy the amount of damages directly attributable to the defective specifications. In fact, Concrete Placing had originally submitted substantial evidence of damages based on a direct cost approach, and the amount of the award can be supported to a reasonable degree of accuracy under a direct cost approach. See Electronic & Missile Facilities, Inc. v. United States, 189 Ct.Cl. 237, 257 (1969) (a party need not prove damages exactly, but must only provide evidence enough for a court to make a fair and reasonable approximation); accord Assurance Company v. United States, 813 F.2d 1202, 1205 (Fed.Cir.1987). Indeed, it appears to us, as intimated at argument, that damages in this case in reality are based on direct costs notwithstanding the confusing verbiage about total costs. None of the other errors cited by the government dictate a different result.