34 F.3d 1080
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DAWSON CONSTRUCTION COMPANY, INC., Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Appellee.
 No. 94-1043.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1994.
 
 Before RICH, Circuit Judge, SKELTON, Senior Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 The Department of Veterans Affairs awarded Dawson Construction Company, Inc. (Dawson) a construction and renovation contract at the VA Medical Center in Miami, Florida. After completion of the contract, Dawson sought an equitable adjustment for delays and disruptions allegedly caused by a number of Government construction changes during contract performances. The Department of Veterans Affairs Board of Contract Appeals denied Dawson any equitable adjustment for labor inefficiencies in unchanged base contract work. Dawson Constr. Co., 93-3 B.C.A. (CCH) p 26,177 (VABCA June 25, 1993). Because substantial evidence supports the Board's decision, this court affirms.
 
 DISCUSSION
 
 2
 Dawson's claim sought equitable adjustments for both delays and disruptions allegedly caused by the Government's issuance of a series of change orders. Dawson sought compensation for the delays under the Suspension of Work clause in the contract and for the disruption, or labor inefficiency, under the Changes clause. The Board adjudicated only the issue of entitlement. The Board found that Dawson did not meet its burden of proof and denied all claims. Dawson, 93-3 B.C.A. (CCH) at 130,325. Dawson appeals only the denial of the disruption claims.
 
 
 3
 This court, under the Contract Disputes Act, undertakes its review with the understanding that the Board's "decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. Sec. 609(b) (1988).
 
 
 4
 Dawson contends that the Board erroneously intermingled the distinct claims of delay and disruption in its decision. Dawson further avers that the Board's findings of fact relate only to delays, leaving no findings on the disruption issue.
 
 
 5
 To the contrary, the Board's exhaustive, indeed exhausting, 153-page opinion evidences thorough fact-finding. Moreover, the opinion shows that the Board extensively considered each and every claim independently. Thus, the Board applied its findings to the disruption claims independently of the delay claims. For instance, the Board noted at one point in its opinion: "The evidence presented by Appellant in support of its loss of efficiency claim was sparse at best...." Dawson, 93-3 B.C.A. (CCH) at 130,321 (emphasis added). The Board made other dispositive findings on disruption issues.
 
 
 6
 The Board's opinion noted that Government change orders caused "some" inefficiency. This comment, perhaps evidence that protracted opinions sometimes create rather than resolve issues, did not in the context of the entire opinion show that Dawson met its burden of proof on the disruption claim.
 
 
 7
 Dawson had the burden to show, by a preponderance of the evidence, the elements of liability, causation, and resultant injury. Servidone Constr. Corp. v. United States, 931 F.2d 860, 861 (Fed.Cir.1991); Teledyne McCormick-Selph v. U.S., 588 F.2d 808, 810 (Ct.Cl.1978). Toward that end, Dawson presented witness testimony which the Board weighed against evidence showing that factors other than the change orders caused disruptions. The Board characterized Dawson's evidence as "general assertions that [the change orders] collectively interrupted the planned sequence of operations and caused confusion." Dawson, 93-3 B.C.A. (CCH) at 130,321. The Board determined that Dawson, in light of the entire record, had not met its burden of proof regarding causation of injury in its disruptions claim: "Appellant has not established, by a preponderance of evidence, its entitlement either for extended overhead under the Suspension clause or loss of efficiency under the Changes clause...." Id. at 130,323 (emphasis added).
 
 
 8
 Finally, Dawson says that the Board erred by basing its denial of the disruption claim on concurrent delay factors. While concurrent factors would not preclude Dawson from recovering for any incremental inefficiencies caused by the Government, the Board did not make such a finding of preclusion. In other words, the Board did not bar recovery for disruption because of the mere presence of concurrent delay factors. Instead, the Board merely weighed evidence of these other factors which may have contributed to Dawson's inefficiency in reaching its determination that Dawson had not met its burden of proof. In the words of the Board:
 
 
 9
 [M]ore than probabilities are required to establish that the cause of a loss in efficiency is due to Government change orders, particularly when there were other factors which obviously could and did affect the efficiency and progress of the Contractor.
 
 
 10
 Id. at 130,321 (emphasis added). The Board properly weighed the evidence of these other factors.
 
 CONCLUSION
 
 11
 Substantial evidence supports the Board's decision that Dawson did not meet its burden of proof with regard to causation and that Dawson was therefore not entitled to an equitable adjustment for labor inefficiencies in unchanged base contract work.
 
 COSTS
 
 12
 Each party to bear its own costs.