**Louis CALDERA, Secretary of the Army, Appellant,**

v.

**J.S. ALBERICI CONSTRUCTION CO., INC., and Martin K. Eby Construction Co., Inc. (Joint Venture), Appellees.**

No. 97–1531.

United States Court of Appeals, Federal Circuit.

Sept. 3, 1998.

**1382**

Robert E. Leidenheimer, Jr., Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for appellant. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Sharon Y. Eubanks, Deputy Director.

William H. Gammon, Moore & Van Allen, PLLC, of Raleigh, NC, argued for appellees. Of counsel on the brief were Jeffrey M. Young, Michael E. Wilson, Greensfelder, Hemker & Gale, P.C., of St. Louis, Missouri.

Adrian L. Bastianelli, III, Bastianelli, Brown & Kelly, of Washington, DC, for amicus curiae, The Associated General Contractors of America, et al. With him on the brief was George W. Stiffler.

Before MAYER, Chief Judge, LOURIE and RADER, Circuit Judges.

MAYER, Chief Judge.

The Secretary of the Army appeals the Army Corps of Engineers Board of Contract Appeals' decision, 6179-R (April 17, 1997), awarding interest under 41 U.S.C. § 611 (1994) on prospective as well as incurred costs. Bound by statute, we affirm.

*Background*

In October 1989, J.S. Alberici Construction Co., Inc., and Martin K. Eby Construction Co., Inc., (the contractors) entered into a fixed-price construction contract, *see* 48 C.F.R. §§ 16.201–16.207 (1997) (discussing fixed-price contracts), with the Army Corps of Engineers (Corps) to perform work on the Melvin Price Locks and Dam project on the Upper Mississippi River for approximately $200 million. In 1990, the Contractor encountered stone obstructions constituting a differing site condition. Differing site conditions, which may increase a contractor's cost of performance, are "(1) subsurface or latent physical conditions at the site which differ materially from those indicated in [a] contract, or (2) unknown physical conditions at the site, of an unusual nature, which differ materially from those ordinarily encountered and generally recognized as inhering in work of the character provided for in the contract." *Id.* § 52.236-2. On June 19, 1991, the Contractor submitted a letter to the Corps, which read in pertinent part: "[W]e submit herewith our request for an increase in the contract amount of $6,256,400.00 which is due as part of an equitable adjustment for the differing site condition of rock encountered on the project." The Corps and the Contractor ultimately agreed on March 6, 1994, to increase the contract price by $5,866,900 to account for costs resulting from the differing site condition.

However, the parties disputed whether to add interest to the adjustment. The Contractor contended that interest on the unpaid portion of the increase should accrue from June 19, 1991, until paid; the Corps asserted that no interest should accrue at all. On October 17, 1994, the Corps denied the inter-

est claim, and the Contractor appealed to the Army Corps of Engineers Board of Contract Appeals. The board granted summary judgment, No. 6179 (November 22, 1996), in favor of the Contractor, awarding them interest on the unpaid amount of the equitable adjustment from June 19, 1991, onward. More specifically, the board (1) found that the Contractors' June 19, 1991, letter constituted a claim * under 41 U.S.C. § 605(a) and (2) interpreted 41 U.S.C. § 611 to start interest accrual on costs when a contracting officer receives a claim, not when a contractor incurs costs. Upon reconsideration, the board affirmed its initial judgment in an April 17, 1997, decision, from which the government appeals.

## Discussion

■■■■■ Whether section 611 permits interest to accrue on a contractor's costs before the business incurs them is the only issue before this court.** Section 611 states that "[i]nterest on amounts found due Contractor on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractor until payment thereof." *Id.* In *Servidone Construction Corp. v. United States*, 931 F.2d 860 (Fed.Cir.1991), we

recognized that section 611 "sets a single, red-letter date for the interest on all amounts found due by a court *without regard to when the contractor incurred the costs.*" *Id.* at 862 (emphasis added). Section 611's language "clearly sets a date from which to compute interest on awards." *Id.* If the statute wrongly requires the United States to pay interest on a contractor's prospective costs, Congress may correct it.

## Conclusion

Accordingly, the decision of the Army Corps of Engineers Board of Contract Appeals' judgment is affirmed.

*AFFIRMED.*

---

* See *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir.1995), for a discussion of what is a claim under section 605.

** The government argues in its brief that particular regulations prohibit "claims" for future costs, but *that begs the question. Statutes trump conflicting regulations.* Thus, this case turns on the meaning of section 611. The government's state-

ment of issues in its brief essentially limits this case to "a straightforward question of statutory interpretation" involving section 611. See Rule 28(a)(3) of the Federal Rules of Appellate Procedure, which requires an appellant to state the issues presented for review.