NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1243

VA VENTURE PUEBLO, LLC,

Appellant,

v.

Anthony J. Principi, SECRETARY OF VETERANS AFFAIRS

Appellee.

_____

DECIDED:  December 16,  2004

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

In this government contracts case, VA Venture Pueblo, LLC ("VA Venture") appeals from the decision of the Department of Veterans Affairs Board of Contract Appeals ("Board"), VABCA Nos.  6959 & 7006.  We affirm.

I

On April 29, 2001, the VA awarded Lease No. V101-183R-567-004-01 to VA Venture for a building to be used as a VA Nursing Home Care Unit.  A thirty-one day extension was agreed to in response to certain additional construction requests made by the Department of Veterans Affairs ("VA").  These additional requests were formalized on June 4, 2002, in a series of supplemental agreements ("SA") between the parties made pursuant to the changes clause of the lease.  The price of each SA

included the maximum ten percent markup for overhead and for profit as provided by the changes clause of the lease. Section 3.12(2)(d) of the lease, "Contract Changes," provides that "[a]llowances not to exceed 10 percent each for overhead and profit for the party performing the work will be based on the value of labor, material, and the use of construction equipment required to accomplish the change." Subsection (j) of the clause provides:

> Overhead and contractor's fee percentages shall be considered to include insurance other than mentioned herein[,] field and office supervisors and assistants, security police, use of small tools, incidental job burdens, and general home office expenses and no separate allowance will be made therefor. Assistants to office supervisors include all clerical, stenographic and general office help. Incidental job burdens include, but are not necessarily limited to office equipment and supplies, temporary toilets, telephone and conformance to OSHA requirements.

VA Venture presented a list that it referred to as "General Conditions Costs for VA Extras" as evidence of various costs incurred during the delay period for which it sought compensation from the VA. It included items such as clean-up labor, project manager, administrative, field office, dumpsters, temporary toilets, job truck/fuel, supervision, temporary water, temporary heat, travel, temporary electric, temporary gas, and temporary storage. VA Venture attached to this list a collection of invoices in support of the costs claimed. The VA stipulated to VA Venture's entitlement to thirty-one days of delay and to the reasonable, allocable, and allowable direct costs.

The Board determined that VA Venture "received full compensation for the monies owed it pursuant to the Changes Clause" and that the thirty-one day extension did not entitle it to further compensation for overhead costs incurred during that period. The Board also found that VA Venture's claim for $10,844.25 in labor costs for "clean-up" was unreasonable in light of the lack of any probative evidence as to why so many

laborers were necessary. Additionally, the Board found that all other costs sought by VA Venture were for overhead expenses and, therefore, were already fully compensated by the ten percent markup for overhead paid by the VA pursuant to the SAs. Finally, the Board concluded that VA Venture was not entitled to recover construction loan interest it incurred during the thirty-one day period because interest upon borrowings is not allowable.

VA Venture now appeals. We have jurisdiction pursuant to 41 U.S.C. § 607(g).

II

We must affirm the decision of an agency board of contract appeals unless "the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. § 609(b).

The thrust of VA Venture's arguments is directed to the fact that the Board made findings that were inconsistent with those made by the Contracting Officer ("CO") and rejected awards the VA did not oppose. What VA Venture fails to acknowledge, however, is that "once an action is brought following a contracting officer's decision, the parties start in court or before the board with a clean slate." Wilner v. United States, 24 F.3d 1397, 1402 (Fed. Cir. 1994). "Where an appeal is taken to a board or a court, the contracting officer's award is not to be treated as if it were the unappealed determination of a lower tribunal which is owed special deference or acceptance on appeal." Assurance Co. v. United States, 813 F.3d 1202, 1206 (Fed. Cir. 1987). In other words, the "contractor has the burden of proving the fundamental facts of liability and damages de novo." Wilmer, 24 F.3d at 1401.

The Board found that VA Venture received the maximum markup of ten percent overhead and ten percent profit in each of the supplemental agreements. The Board also determined that several of the costs sought by VA Venture were for field office overhead charges. As such, the Board properly reasoned that VA Venture had already been compensated for these charges under the provisions of the SAs.

With respect to those charges not considered allocable to overhead expense, the Board provided a reasoned explanation for its allowance or disallowance of the claims. For example, in regard to the "clean up labor" charge, the Board determined that the amount sought by VA Venture was unreasonable because it exceeded the amount that would be incurred by a prudent person in the conduct of competitive business. The Board then determined an appropriate allowance for clean up labor. Other charges disallowed by the Board were so treated because VA Venture had not provided sufficient explanation for the charges and the Board could derive no tie for the charges to the delay. We discern no error in the Board's treatment of the charges claimed by VA Venture, and we are not persuaded by arguments of VA Venture to the contrary. Additionally, we conclude that substantial evidence supports the Board's determinations.

Finally, VA Venture challenges the Board's refusal to award interest on borrowings it was required to pay as a result of the government's delay. The Board found that there was no statute that was applicable to this question. Additionally, the Board noted "'Interest on borrowings (however represented)[,] . . . cost of financing and refinancing capital . . . are unallowable.'" Slip op at 21 (quoting FAR 31.205-20); Servidone Construction Corp., 391 F.2d 860, 863 (Fed. Cir. 1991) ("The CDA [Contracts

04-1243                                         4

Dispute Act] contains an explicit statutory grant for the collection of interest on a recovery under a claim, . . . but has no separate provision for recovery of interest on borrowings."). We discern no error in the Board's treatment of VA Venture's request for recovery of loan interest due to the government's delay.