2012 COA 180

PARKER EXCAVATING, INC.,
Plaintiff–Appellant,

v.

CITY AND COUNTY OF DENVER, Colorado, acting through its Board of Water Commissioners, a municipal corporation of the State of Colorado, Defendant–Appellee.

No. 11CA0785.

Colorado Court of Appeals,
Div. II.

Oct. 25, 2012.

232(7)

Schlueter, Mahoney & Ross, P.C., Michael A. Schlueter, Jennifer K. Fischer, Denver, Colorado, for Plaintiff–Appellant.

Patricia L. Wells, Michael L. Walker, Kristi K. Riegle, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge FURMAN.

¶ 1 In this government contracts case, Parker Excavating, Inc. (Parker), plaintiff, appeals the trial court's judgment awarding it $1,650,000 under an equitable adjustment provision of Parker's contract with the City and County of Denver's Board of Water Commissioners (Denver Water), defendant. We affirm.

¶ 2 This case arose out of a contract dispute between Parker and Denver Water over responsibility for increased costs associated with constructing a dam and reservoir at a sand and gravel pit. During construction of the project, Parker discovered unanticipated wet dirt, or "muck." As a result of the unanticipated condition, Parker was required to change its method of excavation, substantially increasing its excavation costs.

¶ 3 The contract between the parties expressly governed many of the issues that arose in the dispute. Section 01025, ¶ 1.5(C) of the contract expressly provided: "No payment will be made for any excavations. All excavation is considered incidental to other items of Work. Payment for excavation shall be included in the appropriate pay item number." The contract, however, contained an equitable adjustment provision, entitling either party to seek an equitable adjustment for increased or decreased costs caused by unanticipated site conditions. Section 4.2.6 provided, in relevant part:

> An equitable adjustment in the Contract Price or in the Contract Times, or both, may be allowed to the extent that the existence of such uncovered or revealed condition causes an increase or decrease in CONTRACTOR's cost of, or time required for performance of, the Work. . . .

¶ 4 The contract also governed changes to the contract price. Section 11.2 provided in relevant part: "The Contract Price may only be changed by a Change Order or by a Written Amendment." Section 11.3 provided in relevant part:

The value of any Work covered by a Change Order or of any Claim for an increase or decrease in the Contract Price shall be determined ... [o]n the basis of the Cost of the Work ... plus a CONTRACTOR's fee for overhead and profit. . . .

¶ 5 The contract defined "Cost of the Work" in Section 11.4 as "the sum of all costs necessarily incurred and paid by CONTRACTOR in the proper performance of the Work."

¶ 6 Parker informed Denver Water of the muck problem, and the parties executed Change Order No. 2, by which Denver Water paid Parker an additional $443,782, for excavation. Parker later sued Denver Water, alleging it was owed more monies for its increased costs caused by the unanticipated muck because Change Order No. 2 did not cover all of it.

¶ 7 The trial court agreed, finding that Change Order No. 2 was not intended to cover all of the unanticipated muck. The trial court also found Parker's costs increased by $2,373,679, but "as an equitable matter ... both parties share some responsibility for the unanticipated muck." The court concluded that Denver Water was more responsible than Parker. It then awarded Parker $1,650,000.

¶ 8 Parker raises two issues on appeal, contending the trial court erred in (1) awarding it equitable relief rather than legal damages, and (2) awarding an equitable amount rather than the full amount of its increased excavating costs.

¶ 9 Before addressing these contentions, we must first address the jurisdictional issue raised by Denver Water. Denver Water contends Parker's appeal should be dismissed because Parker's notice of appeal was untimely. We disagree.

### I. Parker's Appeal Was Timely

■■■ ¶ 10 C.R.C.P. 59 applies to the question of whether Parker's notice of appeal was timely. Although it has since been amended, at the relevant time C.R.C.P. 59(a) provided that "[w]ithin 15 days of entry of judgment as provided in C.R.C.P. 58[,] or such greater time as the court may allow, a party may move for post-trial relief." The court may in its discretion extend the time for filing a post-trial motion under C.R.C.P. 59, but the extension must be sought before the relevant time period expires. *See In re Marriage of McSoud,* 131 P.3d 1208, 1212 (Colo.App.2006). Failure to file the motion within the time allowed by C.R.C.P. 59(a), or within the greater time allowed by the court in response to a timely filed motion for an extension of time, deprives the court of jurisdiction to act under C.R.C.P. 59. *Id.*

¶ 11 Parker filed a C.R.C.P. 59 motion to amend the verdict within the greater time allowed by the court in response to Parker's timely filed motion for an extension of time. Accordingly, Parker's motion to amend the verdict was timely filed, and, therefore, the trial court had jurisdiction when it denied that motion on March 1, 2011.

¶ 12 C.A.R. 4(a) provides, as relevant here, that the time to file a notice of appeal is computed from the entry of an order denying a motion to alter or amend the judgment under C.R.C.P. 59. Accordingly, Parker had until April 15, 2011, to file its notice of appeal. Parker's April 15, 2011, notice of appeal was therefore timely.

¶ 13 We now turn to Parker's contentions.

### II. An Equitable Adjustment is an Equitable Remedy

¶ 14 We first consider whether the trial court erred in awarding Parker equitable relief rather than legal damages. We conclude that it did not.

■■■ ¶ 15 In determining whether an equitable adjustment contract provision provides a remedy in equity or law, we first look to the language of the contract at issue. Our duty is to interpret and enforce contracts as written between the parties, not to rewrite them. *Fox v. I–10, Ltd.,* 957 P.2d 1018, 1022 (Colo.1998). In interpreting a contract, we give effect to the intent and reasonable expectations of the parties and give words their plain and ordinary meanings. *Thompson v. Md. Cas. Co.,* 84 P.3d 496, 501 (Colo.2004).

¶ 16 We also examine the nature of the remedy sought. *See Am. Family Mut. Ins. Co. v. DeWitt*, 218 P.3d 318, 324 (Colo. 2009). "Actions seeking monetary damages are considered legal while actions seeking to invoke the coercive power of the court, such as those seeking injunctions or specific performance, are deemed equitable." *Id.* Even if a plaintiff is seeking money damages, the action is equitable if its essence is equitable. *See Snow Basin, Ltd. v. Boettcher & Co.*, 805 P.2d 1151, 1154 (Colo.App.1990).

¶ 17 We review de novo the question of whether a civil action is equitable or legal in nature. *See Stuart v. N. Shore Water & Sanitation Dist.*, 211 P.3d 59, 61–62 (Colo. App.2009).

¶ 18 We conclude the equitable adjustment provision in the contract provided a remedy in equity, for three reasons. First, under the plain terms of the contract, Parker is not entitled to damages for breach of contract for its increased excavation costs because Section 01025, ¶ 1.5(C), excluded compensation for excavation. *See Fox*, 957 P.2d at 1022. Instead, Parker was required to seek relief within the confines of the contract—the equitable adjustment provision—to obtain compensation for its increased excavation costs.

¶ 19 Second, the plain meaning of "equitable adjustment" in Section 4.2.6 contemplates a fair adjustment to the contract price to account for increased costs caused by unanticipated site conditions. *See Thompson*, 84 P.3d at 501; *see also Great Lakes Dredge & Dock Co. v. United States*, 119 Ct.Cl. 504, 96 F.Supp. 923, 924 (Ct.Cl.1951)("The equitable adjustment referred to in [the contract] of course means that adjustment which is *equitable* to take care of the increased cost resulting from the unexpected conditions encountered." (emphasis added)). Therefore, from the plain language of the contract, the parties would have reasonably expected an equitable adjustment to be a remedy in equity. *Thompson*, 84 P.3d at 501.

¶ 20 Third, though Parker sought legal damages, the essence of the remedy Parker sought was equitable. *See DeWitt*, 218 P.3d at 324. For reasons of fairness, Parker sought compensation for the unanticipated muck that greatly increased its excavation costs. A claim based on fairness would not entitle Parker to traditional breach of contract damages, but instead seeks to enforce a right created in equity. *See id.* Thus, the trial court properly concluded that the equitable adjustment provision constituted an equitable remedy.

### III. The Trial Court Did Not Clearly Err in Determining the Amount of Equitable Adjustment

¶ 21 We next consider whether Parker is entitled to recover its total increased costs caused by the unanticipated muck. We conclude it is not.

¶ 22 No Colorado appellate court has reviewed, under Colorado law, an award of an equitable adjustment for unanticipated site conditions. The language of the equitable adjustment provision in the contract between Parker and Denver Water is commonly found in similar provisions in federal contracts. Therefore, we look to federal cases reviewing similar equitable adjustment provisions for guidance. *See Colo. Intergovernmental Risk Sharing Agency v. Northfield Ins. Co.*, 207 P.3d 839, 843 (Colo.App.2008)(looking to other jurisdictions that have directly addressed similar contract provisions).

¶ 23 A reviewing court looks for clear error in the trial court's determination of the amount of an equitable adjustment. *See Servidone Constr. Corp. v. United States*, 931 F.2d 860, 862 (Fed.Cir.1991).

¶ 24 "The proper measure of an equitable adjustment is the extra costs incurred by the contractor, if those additional costs are reasonable." *Ace Constructors, Inc. v. United States*, 70 Fed.Cl. 253, 274 (2006), *aff'd*, 499 F.3d 1357 (Fed.Cir.2007); *see Bruce Constr. Corp. v. United States*, 324 F.2d 516, 518–19 (Ct.Cl.1963), *superseded in part by* 48 C.F.R. § 31.201–3 *as stated in Kellogg Brown & Root Servs., Inc. v. United States*, 103 Fed.Cl. 714, 750 (2012). A trial court may, however, award an equitable adjustment that is less than the contractor's increased costs to account for the contrac-

tor's responsibility. *See Servidone Constr. Corp. v. United States,* 19 Cl.Ct. 346, 381 (1990) (finding a portion of the contractor's increased costs could be attributed to the quality of water the contractor used, and the government should not pay for the portion of the increased costs caused by the contractor's actions), *aff'd,* 931 F.2d 860 (Fed.Cir. 1991).

¶ 25 Sections 11.3 and 11.4 of the contract together provided that the value of a change to the contract price should be the total increased costs of the contractor in properly performing the contract work. The trial court found, and Parker does not contest, that Parker's increased costs totaled $2,373,679. The trial court then determined that the amount of equitable adjustment should be reduced to the extent that Parker was responsible for its increased costs: "Parker could also have taken additional core samples if it was concerned, especially as the muck began to reveal itself ... [and] it is not uncommon for an excavator with concerns about muck to do its own core sampling."

¶ 26 We conclude the trial court did not clearly err in reducing the measure of equitable adjustment to account for Parker's relative responsibility in not determining the extent of the muck. The trial court's findings are supported by evidence in the record that certain costs were attributable to Parker, and we will defer to those findings. *See Servidone,* 931 F.2d at 862.

¶ 27 The judgment is affirmed.

Judge CASEBOLT and Judge GRAHAM concur.