526 P.2d 151 (1974)
William Louis JOBE and Sondra Kay Jobe, Plaintiffs-Appellees,
v.
The WRITER CORPORATION, a Colorado corporation, Defendant-Appellant.
No. 73-384.
Colorado Court of Appeals, Div. I.
July 16, 1974.
Rehearing Denied July 30, 1974.
Certiorari Denied September 23, 1974.
*152 Grant, Shafroth, Toll & McHendrie, P. C., J. Albert Sebald, Denver, for plaintiffs-appellees.
Ronald S. Loser, Littleton, for defendant-appellant.
Selected for Official Publication.
RULAND, Judge.
Defendant appeals from a judgment for plaintiffs in the amount of $1,650 as liquidated damages because of defendant's failure to complete its performance of a written contract within the time period specified therein. We affirm.
On July 24, 1971, the parties executed a written contract wherein defendant agreed to install a drainage system around plaintiffs' residence. The contract required that installation of the system be completed by September 30, 1971, and that:
"In the event [defendant] fails to complete the work it is to perform under this Agreement within the time limits specified for completion . . . [defendant] shall pay to [plaintiffs] as liquidated damages the sum of $50.00 per day for each and every day between the date specified for completion and the day on which the work is completed. . . ."
Defendant having failed to meet the completion deadline, plaintiffs filed the present action seeking to recover liquidated damages as specified in the contract. Defendant answered, denying liability and asserting two affirmative defenses, namely that the provision for liquidated damages was an unenforceable penalty and that the delayed completion date of the work was necessitated by conditions beyond the control of defendant.
Trial was to the court, and the parties stipulated that defendant breached the contract by failing to meet the completion deadline and that the work was actually completed on November 2, 1971, or 33 days after the specified completion date. Thereupon plaintiff William Jobe was called to testify and identified the contract between the parties for introduction into evidence. Plaintiffs then rested their case. Defendant moved to dismiss for failure to prove a prima facie case. The trial court denied the motion, and defendant then elected to rest without presentation of evidence (thus abandoning the defense that the delayed completion was excusable) whereupon the court entered judgment for plaintiffs.
In this appeal, defendant contends that the trial court erred in awarding judgment to plaintiffs because they failed to prove that the damages authorized by the contract of $50 per day were reasonable. While we agree that liquidated damages provided by a contract must be reasonable, that is not disproportionate to the actual damages which might have been anticipated by the parties upon breach of their agreement, see Perino v. Jarvis, 135 Colo. 393, 312 P.2d 108, the question here is which party has the burden of proof as to the reasonableness of the liquidated damages clause. The answer is that defendant has that burden. Unless it patently appears from the contract itself that the liquidated damages agreed upon are out of proportion to any possible loss, which is not the case here, the party asserting that the damages clause constitutes a penalty has the burden of proving that contention. Chisholm v. Reitler, 143 Colo. 288, 352 P. 2d 794; Harbor Island Spa, Inc., v. Norwegian American Line A/S, 314 F.Supp. 471 (D.C.N.Y.). The trial court therefore properly concluded that plaintiffs' evidence was sufficient to support a judgment, and the judgment is affirmed.
COYTE and ENOCH, JJ., concur.