Floyd D. LITTLE and Joyce G. Little, Plaintiffs-Appellees,

v.

Frank G. ROHAUER and Suzanne M. Rohauer, Defendants-Appellants.

No. 83CA0693.

Colorado Court of Appeals, Div. I.

Decided April 11, 1985.

Rehearing Denied May 9, 1985.

Certiorari Granted Oct. 15, 1985.

Darrell S. Elliott, P.C., Darrell S. Elliot, Denver, for plaintiffs-appellees.

Dixon & Snow, Jerre W. Dixon, Denver, for defendants-appellants.

PIERCE, Judge.

Frank G. and Suzanne M. Rohauer (purchasers) appeal a judgment granted in favor of plaintiffs, Floyd G. and Joyce G. Little (sellers). We affirm the judgment.

With the help of a real estate salesperson from Coldwell Banker Residential Brokerage Company (Coldwell), the Rohauers, who were living outside of Colorado, found a Denver home to purchase. The home was owned by the Littles. The listing salesperson on the home was also employed by Coldwell. On June 18, 1981, the sellers and

purchasers entered into a receipt and option agreement which provided for sellers to convey the home for the purchase price of $425,000 with $20,000 paid as earnest money and the remainder to be paid in cash or certified funds upon delivery of deed. The contract further provided in part:

"An abstract of title ... or a current commitment for title insurance policy ... shall be furnished the purchaser on or before July 10, 1981 ... [T]ime is of the essence hereof.... In the event a payment ... is not made, all payments made hereon shall be retained on behalf of seller as liquidated damages.... In the event that seller fails to perform any condition hereof as provided herein, then the purchaser may ... treat the contract as terminated...."

The contract was signed and executed by purchasers and sellers and by Coldwell as agent. The closing was to take place July 20, 1981.

The record indicates that the title commitment was mailed on July 7, 1981, to Coldwell, and that the listing salesperson received it before the specified date, July 10, 1981. On July 14, 1981, the purchasers informed Coldwell that they would not perform pursuant to the contract, and stopped payment on the $20,000 earnest money check. Purchasers asserted that sellers had breached the "time of the essence" clause, and the title commitment clause since purchasers did not receive the title commitment "on or before July 10, 1981." The court, however, found that the selling salesperson was the agent of the purchasers and, thus, receipt of the commitment by Coldwell was imputed to the purchasers who were therefore in breach of the contract by not proceeding with the closing. The court awarded sellers the earnest money deposit of $20,000 as liquidated damages.

## I.

Purchasers first argue that there was no agency relationship between them and Coldwell. We disagree.

■ Agency may be established by the conduct of the alleged principal and agent. *Rhodes v. Industrial Commission,* 99 Colo. 271, 61 P.2d 1035 (1936). Ordinarily, the question of the existence of an agency relationship is for the fact finder, here, the trial court. *Marron v. Helmecke,* 100 Colo. 364, 67 P.2d 1034 (1937).

■ Here, one of Coldwell's employees—a real-estate salesperson—agreed to locate a home for purchasers, made appointments, and accompanied purchasers to see numerous homes in Denver. She had the receipt and option contract prepared for the purchasers, obtained their approval, and presented it with the escrow money check to the listing salesperson, who was also one of Coldwell's salespersons and its employee. She further received calls with respect to counteroffers by the sellers and relayed such information to the purchasers, and again brought the contract to the purchasers for their approval of changes. She also presented alternative financing plans at the behest of the purchasers to the sellers' lawyer and real-estate salesperson. She was told directly by purchasers that they did not intend to go through with the contract. Finally, it was undisputed that, if the sale was consummated, she would receive a portion of the sales commission, which would be paid to Coldwell from the proceeds of the sale of the house. The finding of agency, therefore, is supported by the evidence. *Cf. Shriver v. Carter,* 651 P.2d 436 (Colo.App.1982).

As a result, the undisputed receipt by Coldwell, as agent for purchasers, of the title commitment "on or before July 10, 1981," was sufficient to comply with the requirements of the receipt and option contract and the sellers did not breach either the clause requiring the furnishing of the title commitment or its timeliness under the "time of the essence" clause. *See Chisholm v. Reitler,* 143 Colo. 288, 352 P.2d 794 (1960); *Dunton v. Stemme,* 117 Colo. 327, 187 P.2d 593 (1947).

■ As agent of both parties, the broker here had a duty to make a full, fair, and prompt disclosure of all facts which might

affect the principals' rights or influence their actions. *See Hickam v. Colorado Real Estate Commission*, 36 Colo.App. 76, 534 P.2d 1220 (1975); *see also Velten v. Robertson*, 671 P.2d 1011 (Colo.App.1983). Thus, Coldwell, who knew that the contract required the title insurance commitment to be furnished by a specific date and that the contract specified that time was of the essence, should have notified purchasers of its receipt. However, the sellers' claim should not be defeated because of the failure to disclose on the part of the purchasers' agent.

## II.

By arguing that the court erred in awarding the entire $20,000 as liquidated damages because it is greatly in excess of damages suffered by the sellers, the purchasers imply that the $20,000 amount is in the nature of a penalty. *See O'Hara Group Denver, Ltd. v. Marcor Housing Systems, Inc.*, 197 Colo. 530, 595 P.2d 679 (1979); *Perino v. Jarvis*, 135 Colo. 393, 312 P.2d 108 (1957). However, the burden of proving that the liquidated damages clause constitutes a penalty is on the party so asserting, unless it patently appears from the contract itself that the liquidated damages agreed upon are out of proportion to any possible loss which is not the situation here. *Jobe v. Writer Corp.*, 34 Colo.App. 240, 526 P.2d 151 (1974). Based on the record, purchasers have not met their burden of proof. The $20,000 award against the purchasers was, therefore, appropriate.

The judgment is affirmed.

SMITH and BABCOCK, JJ., concur.