**Nancy BUTLER, Plaintiff–Appellant,**

v.

**Joseph LEMBECK and Celeste Lembeck, Defendants–Appellees.**

No. 06CA1446.

Colorado Court of Appeals,
Div. II.

Dec. 13, 2007.

Wood, Ris & Hames, P.C., Kimberly A. Allegretti, Andrew D. Peterson, Denver, Colorado, for Plaintiff–Appellant.

Springer & Steinberg, P.C., Jeffrey A. Springer, Michael P. Zwiebel, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge ROTHENBERG.

Plaintiff, Nancy Butler (homeowner), appeals the trial court's order denying her requests for attorney fees, interest, and most of her costs against defendants, Joseph and Celeste Lembeck (tenants). We reverse and remand for further proceedings.

## I. Background

In April 2004, tenants rented a home owned by homeowner. When tenants moved out of the premises, homeowner filed this action alleging that they had breached the parties' lease agreement by failing to pay rent and utilities and had also caused considerable damage to the property. Tenants denied liability and asserted counterclaims against homeowner.

Following a trial, the jury awarded homeowner damages on her claim for breach of the lease and rejected tenants' counterclaims. The trial court entered judgment against tenants after crediting them with the amount of their security deposit.

Homeowner also sought attorney fees pursuant to a provision in the lease, plus costs and both prejudgment and postjudgment interest. The trial court denied her request for attorney fees, concluding the lease authorized attorney fees "as damages," but did not authorize such fees if homeowner prevailed in an action for breach of the lease. The court awarded homeowner $403 in costs and did not address her request for prejudgment and postjudgment interest.

## II. Contentions

Homeowner's main contention is that the trial court erred in failing to award her reasonable attorney fees based upon a fee-shifting provision in the lease. We agree.

 Whether a contract provides for an award of attorney fees is a question of interpretation that we review de novo. *See Cont'l W. Ins. Co. v. Heritage Estates Mut. Hous. Ass'n,* 77 P.3d 911, 913 (Colo.App.2003).

The attorney fee provision at issue here provides in pertinent part:

If any default is made in the payment of rent ... or if any default is made in the performance of or compliance with any other term or condition hereof, the lease, at the option of the [homeowner], shall terminate and be forfeited.... [Tenants] shall be given written notice of any default or breach.... [Tenants] *will reimburse [homeowner] for reasonable attorney fees*

*if legal action is required due to [tenants'] actions.*

(Emphasis added.)

### A. Scope of Provision

■ As a threshold matter, we reject tenants' contention that the attorney fee provision applies only in an action for termination of the lease and repossession of the premises. The provision here expressly includes "legal action required due to [tenants'] actions," and the paragraph containing the attorney fee provision addresses "any default . . . made in the performance of or compliance with any . . . term or condition" of the lease.

### B. Classification of Attorney Fees

■ Attorney fees are neither costs nor damages, but a hybrid of each. *Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 941 (Colo.1993); *Double Oak Const., L.L.C. v. Cornerstone Development Intern., L.*, 97 P.3d 140, 149–50 (Colo.App.2003); *Roberts v. Adams*, 47 P.3d 690, 699 (Colo.App.2001). Thus, while the trial court has discretion in deciding how to classify such fees, that discretion must be guided by the nature of the requested attorney fees. *Farmers Reservoir & Irrigation Co. v. City of Golden*, 113 P.3d 119, 134 (Colo.2005).

■ If attorney fees are part of the substance of a lawsuit and are sought as a legitimate consequence of the tort or breach of contract sued upon, they are damages. *See Skyland Metro. Dist. v. Mountain W. Enter., LLC*, 2007 WL 1704177, 184 P.3d 106, 111 (Colo.App. No. 04CA2605, June 14, 2007) ("Attorney fees and costs in removing the cloud on title . . . constitute special damages in a slander of title action.") (citing *Hein Enters., Ltd. v. San Francisco Real Estate Investors*, 720 P.2d 975, 981 (Colo.App.1985)); *In re Marriage of Hill*, 166 P.3d 269, 272 (Colo.App.2007) ("When fees are sought as a consequence of the tort or breach of contract sued upon, such as in insurance bad faith claims, they are part of the substance of the claims asserted and are treated as damages."); *Steele v. Law*, 78 P.3d 1124, 1129 (Colo.App.2003) (observing that attorney fees may be awarded as damages "where the attorney fees or costs are the subject of the lawsuit, as for example, where the suit is brought by an attorney to enforce a fee agreement."); *cf. Bunnett v. Smallwood*, 793 P.2d 157, 163 (Colo.1990) (concluding the non-breaching party to a release who successfully defends a lawsuit brought in violation of the agreement is *not* entitled to an award of attorney fees as damages).

■ However, if attorney fees are sought based on a contractual agreement to shift fees to a prevailing party, they should be treated as costs, at least where the fee-shifting contractual provision is not the subject of the dispute between the parties and the contract itself is proved to exist.

■ We interpret fee-shifting provisions in a contract in a common sense manner. *See Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo.2001) (disapproving of "an overly technical reading of a fairly simple provision").

### C. Application to this Case

■ Contrary to the trial court's determination, we conclude the attorney fees in this case were not part of the substance of homeowner's breach of contract action against tenants, nor were they sought as a legitimate consequence of that breach of contract. Hence, they are not damages and were not recoverable absent a contractual, statutory, or rule authorizing such an award. *Bunnett v. Smallwood*, 793 P.2d at 163.

■ We therefore address whether the lease at issue here constitutes a valid fee-shifting provision which authorizes an award of attorney fees. We conclude that it does.

The lease does not contain typical language that provides for fees and costs to "the prevailing party." Nevertheless, we have found no authority requiring that there be formulaic language in a fee-shifting agreement, so long as it clearly informs the parties that a breach of the lease may result in an award of attorney fees. In fact, a number of courts in other jurisdictions have awarded attorney fees based on clauses with varying language, provided that such clauses specifically refer to attorney fees. *Compare Miller v. Gammon & Sons, Inc.*, 67 S.W.3d 613, 625

(Mo.Ct.App.2001)(attorney fees awarded where lease provided: "[I]n the event the Lessors deems [sic] it appropriate to collect any rental or other expense payable by the Lessee after the expiration of any grace period and notice, by use of an attorney, then the Lessee shall be responsible for all attorney's fees and costs of collection incurred by the Lessors."); *and Kellam Assocs., Inc. v. Angel Projects, LLC,* 357 N.J.Super. 132, 137, 814 A.2d 642, 645 (App.Div.2003)(attorney fees awarded in part where lease provided: "The Landlord shall be entitled to recover reasonable attorneys' fees and costs actually incurred in connection with any effort to collect past-due rent or enforce any other term of this Lease breached by Tenant."), *with Negro Nest, LLC v. Mid–Northern Mgmt., Inc.,* 362 Ill.App.3d 640, 642, 298 Ill.Dec. 436, 839 N.E.2d 1083, 1085 (2005)(denying attorney fees because the contractual provision did not specifically state that "attorney fees" are recoverable; it merely provided that management company would be responsible for "all collection costs" incurred).

In this case, attorney fees were specifically mentioned in the lease provision; the fees sought by homeowner were based on the work performed during the underlying litigation; and homeowner was "required" to initiate legal action against tenants to obtain the relief she sought, because tenants denied that they were liable to her for the asserted damages. It is also indisputable that she was the prevailing party, as evidenced by the jury verdict.

"Required" means "needed; essential; obligatory." *American Heritage College Dictionary* 1182 (4th ed.2002); *cf.* § 15–12–720(3), C.R.S.2007 ("If any personal representative, ... court-appointed fiduciary, ... lawyer for any of said persons, or any lawyer whose services resulted in an order beneficial to the estate *is required to defend his or her fees or costs,* the court may review the fees ... and shall consider and may award the fees and expenses incurred by any of such parties, including ... their attorney fees and costs.... An award of fees or costs ... may be allocated among, the estate or trust and any party *that required* the fiduciary, lawyer,

or person to defend his or her fees or costs." (emphasis added)).

We therefore conclude the attorney fees homeowner seeks under the lease are in the nature of costs and are authorized by the fee-shifting provision in the parties' contract. *See Bunnett v. Smallwood,* 793 P.2d at 163.

### D. Mutuality

■ Tenants nevertheless contend the attorney fee provision is void for lack of mutuality. However, in Colorado, a contractual fee-shifting provision need not be mutual to be enforceable. *See Rains v. Found. Health Sys. Life & Health,* 23 P.3d 1249, 1255 (Colo. App.2001) (under Colorado law, every contractual obligation need not be mutual as long as each party has provided some consideration for the contract).

We further note that tenants asserted a statutory counterclaim in this case alleging that homeowner had wrongfully retained their security deposit in violation of section 38–12–103, C.R.S.2007. Had they prevailed on their counterclaim, they would have been entitled to treble damages plus reasonable attorney fees and court costs. § 38–12–103(3)(a), C.R.S.2007; *see Torres v. Portillos,* 638 P.2d 274 (Colo.1981).

### E. Public Policy

■ Tenants also contend the attorney fee provision violates public policy and is therefore void. Tenants' argument is as follows:

> [The attorney fee provision] permits an award of fees simply because legal action is commenced, without regard to merit. Colorado has recognized a public interest in protecting tenants, who often possess bargaining power unequal to that of landlords. Here, because fees are payable simply for filing an action, the clause is unconscionable and constitutes an unenforceable penalty. The provision further violates the public policy favoring access to the courts by discouraging tenants from defending against landlords' suits.

We disagree.

We have already concluded that homeowner prevailed in this case, as evidenced by

the jury verdict. Hence, this case does not present the hypothetical situation posited by tenants in which attorney fees are being awarded simply because a landlord commenced a legal action and "without regard to merit."

Nor are we persuaded that the attorney fee clause in the lease constitutes an unenforceable penalty.

■ A contract provision for liquidated damages is invalid as a penalty if it is unreasonably large for the expected loss from a breach of contract. *Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1034 (Colo.2006); *Bd. of County Comm'rs v. City & County of Denver*, 40 P.3d 25, 32 (Colo. App.2001). However, unless the contract on its face establishes that the stipulated liquidated damages are so disproportionate to any possible loss as to constitute a penalty, the determination of whether the specified damages constitute a penalty is a question of fact, *Klinger*, 130 P.3d at 1034, and the party asserting that the damages clause constitutes a penalty has the burden of proving it. *Chisholm v. Reitler*, 143 Colo. 288, 292, 352 P.2d 794, 796 (1960); *Jobe v. Writer Corp.*, 34 Colo.App. 240, 242, 526 P.2d 151, 152 (1974).

■ To determine whether a liquidated damages provision constitutes a penalty, the court must consider: (1) whether the parties intended to liquidate damages; (2) whether the amount of liquidated damages, when viewed as of the time the contract was made, was a reasonable estimate of the presumed actual damages that the breach would cause; and (3) whether, when viewed again as of the date of the contract, it was difficult to ascertain the amount of actual damages that would result from a breach. *Chisholm v. Reitler*, 143 Colo. at 292, 352 P.2d at 796; *Jobe v. Writer Corp.*, 34 Colo.App. at 242, 526 P.2d at 152.

Tenants here concede there is no Colorado authority holding that an attorney fee provision like the one at issue here constitutes a penalty. They rely on two New York cases, which we conclude are distinguishable. In *Weidman v. Tomaselli*, 81 Misc.2d 328, 329, 365 N.Y.S.2d 681, 684–85 (N.Y.Co.Ct.1975),

the court struck a lease provision that provided in relevant part as follows:

[I]n the event that the tenant defaults with respect to any of the covenants of this lease, the tenant agrees to pay forthwith as additional rent to the landlord $100.00 attorney's fees, plus court costs and disbursements, in the (sic) connection with any action or proceeding instituted by the landlord against the tenant by reason of such default said amount shall be due and payable upon the commencement of any proceedings.

The court concluded the lease was a contract of adhesion because it "was a contract in relation to a necessity of life, drafted by or for the benefit of a party for that party's excessive benefit, which party uses its economic or other advantage to offer the contract in its entirety solely for acceptance or rejection by the offeree." *Id.* at 331, 365 N.Y.S.2d at 686. The court further concluded the attorney fees of $100 were in the nature of a penalty because that sum was due upon the commencement of the proceeding:

There is no relationship between the amount allegedly due and the outcome of the civil action. Similarly, there is no relationship between the amount allegedly due and the attorney's services performed. A petitioner's attorney could draw the one paper required to commence a civil action and be eligible for a fee. Any such attorney's fees are without a rational basis, contrary to attorneys' professional obligations under DR 2–106 of the Code of Professional Responsibility.

*Id.* at 336, 365 N.Y.S.2d at 691 (citation omitted).

However, the court rejected the argument that contractual agreements for the reimbursement of attorney fees in leases are against the public policy of New York. In fact, the court observed that the contrary was true. *Id.* at 337, 365 N.Y.S.2d at 691; *see N.V. Madison, Inc. v. Saurwein*, 103 Misc.2d 996, 997, 431 N.Y.S.2d 251, 252 (N.Y.App. Term 1980)("The argument that legal fee provisions in a lease are per se unconscionable has been consistently rejected."). The court in *Weidman* also stated:

That a contract benefits a party does not render the contract void, even if the terms are harsh. Also, the law attaches no onus to any party which takes full advantage of the strengths of his bargaining position. Further, at common law, the offeror is master of his offer, and may decide his own terms and conditions. Whether the terms are harsh, "unfair," disliked by the offeree, or disparaged by acquaintances to whom the offeree turns for comforting words of agreement with his opinion of the offeror, the offeror is supreme. The alternatives of the offeree are to make a counter-offer and to reject the offer.

81 Misc.2d at 331, 365 N.Y.S.2d at 686–87 (citations omitted).

Similarly, in *McClelland–Metz Mgt., Inc. v. Faulk,* 86 Misc.2d 778, 384 N.Y.S.2d 919 (N.Y.Dist.Ct.1976), the court struck the attorney fee award in a summary proceeding against an indigent welfare recipient. The court concluded the lease at issue was a contract of adhesion which entitled the landlord to legal fees simply by giving the tenant oral notice to vacate the premises, and permitted fees whether the landlord was successful or not.

■ Here, in contrast, the contract was not one of adhesion, and we have construed it to permit attorney fees only when a lawsuit was "required" and when the homeowner prevailed. Accordingly, we reject tenants' contention that the attorney fee provision at issue here constitutes a penalty and is therefore void.

■ Tenants also contend the attorney fee provision in the lease violates the public policy of Colorado favoring access to the courts by discouraging tenants from defending against landlords' suits. Again, we disagree.

In *More v. Johnson,* 193 Colo. 489, 568 P.2d 437 (1977), the supreme court held that the forcible entry and detainer statute's provision permitting an award of attorney fees to a successful plaintiff, with no reciprocal right for a successful defendant, denied equal protection of law, as guaranteed by the Fourteenth Amendment and Colorado Constitution article II, section 6. *See Hartman v.*

*Freedman,* 197 Colo. 275, 280, 591 P.2d 1318, 1322 (1979) (concluding a statutory provision authorizing award of attorney fees to the winning party in suits by employees against employers for recovery or collection of wages and penalties due did not violate employer's right to equal protection); *Davidson v. Jennings,* 27 Colo. 187, 60 P. 354 (1900)(concluding a unilateral attorney fees provision in the Mechanic's Lien Act was unconstitutional because it denied access to the courts).

A few years later, the Pueblo County District Court, relying on *More v. Johnson,* ruled that a mandatory award of attorney fees to a prevailing tenant under Colorado's security deposit statute denied a landlord equal protection of the laws under the Fourteenth Amendment and equal access to the courts under Colorado Constitution article II, section 6. The Colorado Supreme Court disagreed and distinguished its earlier holding in *More v. Johnson,* stating:

Under the rational relationship test, we ask only whether it is conceivable that the classification established by the legislation bears a rational relationship to a permissible governmental purpose. The other type of review under equal protection, the strict scrutiny test, will not accept every permissible governmental purpose as sufficient to support a classification, but will instead require the government to show that it is pursuing a "compelling" or "overriding" end—one whose value is so great that it justifies the limitation of fundamental constitutional values.

*Torres v. Portillos,* 638 P.2d at 276–77 (citations omitted).

The *Torres* court concluded that equality of opportunity to recover attorney fees in civil litigation is not a "fundamental" right, and is therefore governed by the rational basis test, and that there was a legitimate legislative purpose because the statute providing for attorney fees for tenants encouraged the private bar to enforce landlord-tenant law in actions that usually involved small sums of money. *Id.* at 276–78; *see Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975) (striking down as a denial of equal protection and equal access to the courts a statutory provision that a landlord who failed

timely to furnish his or her tenant with a written statement of the reasons for retaining the tenant's security deposit forfeited the right to bring an action against the tenant for damages to the rented property; applying rational basis test, court concluded statute unreasonably distinguished between secured landlords, who lost all damage causes of action against their tenants, and unsecured landlords who did not).

Here, unlike in *More* and *Torres*, this case did not arise as a forcible entry and detainer action, *see* §§ 13–40–101 to –126, C.R.S.2007, or an action to recover a security deposit that was willfully withheld under section 38–12–103. *Cf.* § 13–40–123, C.R.S.2007 (providing that "[t]he prevailing party in any action brought under the provisions of this article [governing forcible entry and detainer] is entitled to recover damages, reasonable attorney fees, and costs of suit").

The only claim asserted by homeowner in this case was for breach of contract, and because there is no state action, tenants' Fourteenth Amendment rights are not implicated. *See Hunter v. People*, 655 P.2d 374, 375 (Colo.1982) ("The Due Process Clause of the Fourteenth Amendment, by its very terms, applies only to state action. . . .").

We therefore conclude the cases involving equal protection and access to the courts offer tenants no support here.

 In summary, we conclude the case must be remanded for an award of reasonable attorney fees to homeowner, including the attorney fees she incurred in prosecuting this appeal. Tenants are entitled to a hearing concerning the reasonableness of such fees, which shall be conducted on remand. *See Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 506 (Colo.App.2003).

Given our conclusion, we do not address homeowner's additional contentions regarding attorney fees, and we deny tenants' request for attorney fees pursuant to section 13–17–102, C.R.S.2007.

### III. Other Costs

 Homeowner next contends the trial court erred by refusing to award her the costs she requested. We conclude the court should reconsider her request for costs and make findings explaining the basis for its determination.

 An award of costs is within the discretion of the trial court and will not be overturned absent a clear abuse of discretion. *Foster v. Redd*, 128 P.3d 316, 319 (Colo.App. 2005). However, if the court disallows certain requested costs as unreasonable, it should articulate some reason for doing so. *Bennett v. Hickman*, 992 P.2d 670, 673 (Colo. App.1999); *see also Novell v. Am. Guar. & Liab. Ins. Co.*, 15 P.3d 775, 780 (Colo.App. 1999) (trial court's findings concerning costs must be sufficient for this court to understand and allow for review).

Here, in response to homeowner's submission of an itemized bill of costs for $3055, the trial court issued an order stating that she was "granted $403.52 in costs." But there is no explanation why the court excluded the balance of the costs requested. Accordingly, we remand the matter to the trial court with directions to reconsider homeowner's request and to make findings briefly explaining the basis for its decision. *See Van Steenhouse v. Jacor Broad. of Colo., Inc.*, 935 P.2d 49, 56 (Colo.App.1996) (remanding for additional findings where homeowner's itemized bill listed nearly $15,000 in costs and trial court, without making any findings, awarded costs totaling $225), *aff'd in part and rev'd in part on other grounds*, 958 P.2d 464 (Colo.1998).

### IV. Interest

Homeowner next contends the trial court erred in failing to address her request for prejudgment and postjudgment interest. We agree.

### A. Prejudgment Interest

Homeowner sought prejudgment interest pursuant to section 5–12–102(1)(b), C.R.S. 2007, which provides:

Except [in certain tort actions], when there is no agreement as to the rate thereof, creditors shall receive interest as follows: . . . (b) Interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully with-

held or after they become due to the date of payment or to the date judgment is entered, whichever first occurs.

Section 5–12–102(1)(b) has been given a liberal construction to effectuate the legislative purpose of compensating parties for the loss of money or property to which they are entitled. *Logixx Automation, Inc. v. Lawrence Michels Family Trust*, 56 P.3d 1224, 1229 (Colo.App.2002); *see Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 365–66 (Colo.1989). A nonbreaching party is entitled to recover prejudgment interest from the time of the breach. *Logixx Automation, Inc. v. Lawrence Michels Family Trust*, 56 P.3d at 1230.

Homeowner sought prejudgment interest from May 31, 2005, which was the final day of the lease term and the latest possible date on which a breach could have occurred. Hence, she was entitled to prejudgment interest from that date through the date of the judgment. On remand, the trial court should award such interest.

Tenants' reliance on *Curragh Queensland Mining Ltd. v. Dresser Indus., Inc.*, 55 P.3d 235, 238 (Colo.App.2002), is misplaced. There, a division of this court concluded a party could not recover prejudgment interest on the portion of a damage award that was based upon anticipated expenditures. However, in *Curragh*, the portion of damages in question included a substantial component of future lost profits for which prejudgment interest is not available. *See W. Fire Truck, Inc. v. Emergency One, Inc.*, 134 P.3d 570, 577 (Colo.App.2006) (holding that prejudg-

ment interest can only be awarded on past lost profits and citing *Curragh*).

Here, unlike in *Curragh*, homeowner's damage award does not include lost future profits. We therefore conclude she was entitled to prejudgment interest on the entire unsatisfied amount of the judgment. *See Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1290–91 (10th Cir.2005) (distinguishing *Curragh* and concluding homeowners were entitled to prejudgment interest from date defective product was installed because damages sought were to remedy past injury).

### B. Postjudgment Interest

We also conclude the trial court erred in failing to award homeowner postjudgment interest pursuant to section 5–12–102(4)(b), C.R.S.2007, from the May 19, 2006, judgment date until the judgment is satisfied. On remand, the trial court shall enter an order to that effect.

The order is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge FURMAN and Judge J. JONES concur.