**Lawrence W. STUART, Plaintiff–Appellant and Cross–Appellee,**

**v.**

**NORTH SHORE WATER & SANITATION DISTRICT, Defendant–Appellee and Cross–Appellant.**

No. 08CA1298.

Colorado Court of Appeals, Div. I.

April 30, 2009.

Steven A. Gall, P.C., Steven A. Gall, Hot Sulphur Springs, Colorado, for Plaintiff-Appellant and Cross–Appellee.

Cazier, McGowan & Walker, Rodney R. McGowan, John D. Walker, Granby, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge CRISWELL.*

Plaintiff, Lawrence W. Stuart, appeals the judgment awarding attorney fees and costs to defendant, North Shore Water and Sanitation District (North Shore). North Shore cross-appeals, contending Stuart was not entitled to a jury trial. We determine the trial court did not err in granting Stuart's jury demand and did not abuse its discretion in awarding attorney fees and costs to North Shore. Therefore, we affirm.

## I. Background

North Shore is a special district and quasi-municipal corporation created pursuant to and subject to the provisions of the Special District Act, sections 32–1–101 to –1807, C.R.S.2008. North Shore is located in Grand County, Colorado, and provides domestic wa-ter services to properties located within its jurisdictional boundaries. Stuart is a property owner located within North Shore's boundaries.

In September 2005, a water line providing service to Stuart's property broke. North Shore hired contractors to fix the break, and assessed Stuart the cost of the repair pursuant to section 32–1–1101(1)(e), C.R.S.2008. Stuart disputed his obligation to pay and filed an action in Grand County District Court seeking a determination that he was not liable for the expense of the repair.

The case was tried to a jury, which returned a verdict in favor of North Shore for $10,490.75. After completion of the trial, North Shore filed a motion for foreclosure and an award of attorney fees pursuant to section 31–35–402(1)(f), C.R.S.2008. The trial court entered a decree of foreclosure and granted North Shore attorney fees in the amount of $46,439.21.

On appeal, Stuart argues that the trial court erred in failing to submit North Shore's claim for attorney fees to the jury and in determining that North Shore's requested fees were reasonable. On cross-appeal, North Shore contends that the trial court erred when it granted Stuart's jury demand.

## II. Jury Demand

North Shore argues that the trial court improperly granted Stuart's jury demand because the thrust of Stuart's claim was equitable. We disagree.

We review a party's entitlement to a jury trial in a civil action on a de novo basis. *Springer v. City & County of Denver,* 13 P.3d 794, 798 (Colo.2000). The right to a trial by jury in civil actions exists only in proceedings that are legal in nature. *Zick v. Krob,* 872 P.2d 1290, 1293 (Colo.App.1993). Whether a party is entitled to a jury trial is determined by the "characterization of the nature of the relief sought." *Watson v. Pub. Serv. Co.,* 207 P.3d 860, 865 (Colo.App.2008) (quoting *Cont'l Title Co. v. Dist. Court,* 645

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. I, § 5(3), and

§ 24–51–1105, C.R.S.2008.

P.2d 1310, 1316 (Colo.1982)). Actions for money damages are considered legal, and actions seeking to invoke the coercive powers of the court are considered equitable. *Id.* However, a request for declaratory relief is not determinative of the type of action brought. *Zick*, 872 P.2d at 1293.

■ Here, Stuart's complaint sought a declaratory judgment that he was not liable to North Shore for the expenses of the repair of the water line. As the trial court noted, the underlying issue in this dispute was whether Stuart was liable for the cost of the repairs that North Shore sought from him. If Stuart had not brought this action, North Shore would have been compelled to bring suit to collect the fees it had assessed, a claim for money damages. "If the action in which declaratory relief is sought would have been an action at law had it been permitted to mature without the intervention of declaratory procedure, the right to trial by jury of disputed questions of fact is not affected." *Baumgartner v. Schey*, 143 Colo. 373, 378, 353 P.2d 375, 377 (1960); ·*see also Carder, Inc. v. Cash*, 97 P.3d 174, 187–88 (Colo.App. 2003).

We conclude, therefore, that the trial court's characterization of this action as legal was not contrary to law. Consequently, we reject North Shore's contention that the trial court erred when it granted Stuart's request for a jury trial.

III. Attorneys Fees as Costs or Damages

■ Stuart contends that the trial court erred when it allowed North Shore to file a motion for attorney fees after completion of the jury trial, rather than submitting the issue of attorney fees to the jury· for determination. Specifically, Stuart argues that attorney fees in this case are in the nature of damages, not costs, and therefore, North Shore's claim should have been submitted to the jury. We disagree.

■ Attorney fees are neither costs nor damages, but a hybrid of each. *Butler v. Lembeck*, 182 P.3d 1185, 1189 (Colo.App. 2007). Therefore, while the trial court has discretion in deciding how to classify attor-

ney fees, that discretion must be guided by the nature of the fees requested. *Id.*

> Instead of trying to anticipate all possible fact situations and classify attorney fees either as costs or damages in particular cases, ... such a determination is, by its very nature, a fact- and context-sensitive one, which rests within the sound discretion of the trial court.

*Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 941 (Colo.1993).

■ If an award of attorney fees is dependent upon achievement of a successful result in the litigation and is to be made in connection with that litigation, the issue is best addressed after the litigation is complete and the·result is known. *Roa v. Miller*, 784 P.2d 826, 829–30 (Colo.App.1989).

Under the circumstances here, the fees requested by North Shore arose out of the ongoing litigation with Stuart and would be awarded only if North Shore received a favorable result. It would have been impractical to present this issue to the jury, since the litigation was still ongoing, the result was unknown, and the extent of remaining services could not be ascertained. Thus, the trial court did not abuse its discretion when it determined that fees should be addressed post-trial.

Further, similar to the contractual provision in *Butler*, the statutory provision applicable here is a fee-shifting provision. Section 31–35–402(1)(f) states in pertinent part that municipalities providing water and sewer services have the power

> [t]o ... collect in advance or otherwise, from any consumer or any owner or occupant of any real property connected therewith or receiving service therefrom, ... charges ..· for the services furnished by, or the direct or indirect connection with ... such water facilities ..., including, without limiting the generality of the foregoing, ... *reasonable penalties for any delinquencies, including but not necessarily limited to ... reasonable attorneys' fees*, and other costs of collection....

(Emphasis added.)

The ability to shift fees from the municipality to the consumer is the essence of a fee-

shifting statute. And like in *Butler*, the trial court did not abuse its discretion in determining that the requested fees were costs. *Butler*, 182 P.3d at 1189 ("[I]f attorney fees are sought based on a contractual agreement to shift fees to a prevailing party, they should be treated as costs, at least where the fee-shifting contractual provision is not the subject of the dispute between the parties and the contract itself is proved to exist."). While *Butler* involved fees authorized by a contract, the same analysis is equally applicable to fees to be awarded pursuant to a fee-shifting statute.

Therefore, we conclude that the trial court did not abuse its discretion when it determined North Shore's requested fees were costs and addressed North Shore's motion for attorney fees after completion of the trial.

IV. Reasonableness of Attorney Fees

Stuart argues the trial court erred when it granted North Shore attorney fees in the amount of $46,439.21. Stuart contends the amount awarded was unreasonable and did not reflect the degree of success achieved by North Shore.

 The determination of what constitutes a reasonable award of attorney fees is a question of fact for the trial court and will not be disturbed unless it is patently erroneous and unsupported by the evidence. *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 608 (Colo.App.2008). The initial estimate of reasonable attorney fees is reached by calculating the "lodestar" amount, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* That amount may then be adjusted based on several factors, including the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, and the degree of success achieved. *Id.; see also City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1115–16 (Colo.1996). Appellate courts review the reasonableness of the amount of attorney fees awarded by the trial court for an abuse of discretion. *Id.*

 In its motion seeking fees, North Shore attached copies of detailed billing records showing the time spent by counsel in defending the action and the engagement letter setting forth the rates to be charged. North Shore's counsel also submitted an affidavit setting forth his legal background and experience and provided similar background information concerning the other attorney who worked on the case. Stuart's response to the motion did not argue that either the rates charged or the time expended was excessive; he asserted only that North Shore's failure to receive all of its requested monetary relief rendered the amount of the fees requested unreasonable.

The trial court reviewed the billing records, deleted $646 for work done on the motion for attorney fees itself, and found the fees and costs incurred by North Shore to be reasonable.

In asserting that the award of fees resulted from the trial court's abuse of discretion, Stuart relies on the supreme court's statement in *Cerveny*: "*In a case like this*, where the Amendment 1 plaintiff has had only partial success, the court must exclude the time and effort expended on *losing issues* if it chooses to award attorney fees." 913 P.2d at 1116 (emphasis added). However, in *Cerveny* the plaintiff had asserted two claims, but had recovered on only one. It was within this context that the court, citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), held that the time and effort expended on this losing claim must be deducted when computing an award of attorney fees.

In contrast, North Shore here asserted only a single claim; it sought a monetary award for Stuart's failure to pay the costs of repair and an equitable decree allowing foreclosure upon the statutory lien attaching to Stuart's property for this purpose. North Shore was granted all the relief that it had requested, except the jury awarded only some $10,000, rather than the $23,168.49 that it had demanded.

This is not a case, therefore, where a claimant has failed to prevail upon some claim asserted by it. Here, North Star simply failed to recover the full monetary

amount it demanded, although the amount awarded is clearly more than nominal. This fact, in and of itself, does not require an automatic reduction in the amount of fees to be granted.

Of course, one of the factors to be considered in determining the reasonableness of the fees requested is the degree of success achieved. The case relied upon by the court in *Cerveny* recognized this. In *Hensley v. Eckerhart,* the United States Supreme Court noted that the fact that a party is not granted all of the relief requested by it is not "necessarily significant." 461 U.S. at 435 n. 11, 103 S.Ct. 1933. However, if a party has had only limited or partial success, the result obtained through application of the lodestar formula may be an "excessive amount." *Id.* at 436, 103 S.Ct. 1933. The standard to be applied in determining this question is whether the relief granted is to be considered "limited in comparison to the scope of the litigation as a whole." *Id.* at 440, 103 S.Ct. 1933.

Here, North Star prevailed on the only claim asserted by it, and it obtained both legal and equitable relief. The court before which the case was tried, and which entered the judgment and equitable decree, reviewed the summary of the time and efforts expended by its counsel and specifically concluded that the requested fees were reasonable. Under these circumstances, we cannot conclude that North Shore's failure to obtain all of the monetary relief it had requested so limited the relief granted, considering the scope of the litigation as a whole, that a reduction in the amount of fees was required. *See, e.g., DiFilippo v. Morizio,* 759 F.2d 231, 235–236 (2d Cir.1985); *Lynch v. City of Milwaukee,* 747 F.2d 423 (7th Cir.1984).

We conclude, therefore, that the trial court did not abuse its discretion in its award of attorney fees.

### V. Attorney Fees on Appeal

Finally, North Shore has requested an award of appellate attorney fees under section 31–35–402(1)(f). Because it was successful in defending this appeal, it is entitled to such an award for those efforts. *See Barrett v. Inv. Mgmt. Consultants, Ltd.,* 190

P.3d 800, 805 (Colo.App.2008). However, North Shore is not entitled to fees for its unsuccessful cross-appeal. Pursuant to C.A.R. 39.5, we remand the case to the trial court to determine the amount of reasonable appellate attorney fees allocable to North Shore's defense of the challenged award.

The judgment is affirmed and the case is remanded for an award of appellate attorney fees as directed.

Judge TAUBMAN and Judge LICHTENSTEIN concur.