24CA2270 Frosh v Alexia 02-05-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2270
Arapahoe County District Court No. 19CV31669
Honorable Benjamin Figa, Judge

---

David A. Frosh,

Plaintiff-Appellant,

v.

Angelique Alexia, a/k/a Angel Alexia, individually and in her capacity as
personal representative of the estate of Reed M. Soudani, a/k/a Marty
Soudani,

Defendants-Appellees.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division C
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

---

Gelman & Norberg, LLC, Scott Gelman, Gabriel Gelman, Greenwood Village,
Colorado, for Plaintiff-Appellant

Montgomery Little & Soran, P.C., Alyson Evett, James Taravella, Greenwood
Village, Colorado, for Defendants-Appellees

¶ 1     After granting a motion to enforce a settlement agreement between plaintiff, David A. Frosh, and defendants, Angelique Alexia and Reed M. Soudani, the trial court denied Frosh's request for an award of attorney fees and costs pursuant to the settlement agreement's fee-shifting provision.[1]  Frosh appeals, asserting that the court erred in determining that he isn't entitled to fees and costs under the terms of the fee-shifting provision.  Because we conclude that the court read the provision too narrowly, we reverse and remand the case to the trial court to determine whether Frosh is the prevailing party in the proceedings relating to defendants' alleged breach of the settlement agreement.

## I.     Background

¶ 2     In 2019, Frosh filed a defamation suit against defendants.[2]  A trial was initially set in 2022.  However, about two weeks before the trial was scheduled to start, Frosh filed a motion for a protective

---

[1] Reed M. Soudani passed away while this appeal was pending and was substituted by Alexia in her capacity as personal representative of Soudani's estate.  We will refer to these parties collectively as "defendants."

[2] Frosh initially filed the case against other defendants as well, but his claims as to those defendants have been resolved, and those defendants are no longer parties to the case.

order to protect his family members' names and private information during the trial. Due to the time needed to review the motion and related documents, the trial was continued. It was ultimately rescheduled for November 2023.

¶ 3 After the trial was continued, defendants filed a motion to recover the attorney fees they had incurred in preparing for the 2022 trial. In an order entered on June 9, 2022, the trial court granted defendants' motion and awarded them $27,281.86 in fees.

¶ 4 At the end of the November 2023 trial, the jury found in favor of defendants. The court entered judgment accordingly on November 17, 2023.

¶ 5 Defendants requested an award of their costs, and the court set a hearing on that request. But before the hearing date, the parties began negotiating a settlement and asked the court to vacate the hearing. The court did so.

¶ 6 The parties eventually executed a settlement agreement. Under the terms of that agreement, Frosh paid defendants a sum of money in satisfaction of all claims, including those for attorney fees and costs that had been awarded or could have been awarded. The agreement provides, in relevant part:

On June 8, 2023, the Court entered its "Order Re: Defendants Alexia and Soudani's Motion for Attorney Fees and Costs" (the "June Order") and awarded Defendants $27,281.86 in attorney fees (the "Attorney Fees Award"), which award was against [Frosh] and his counsel . . . .[3]  No funds have been paid to Defendants regarding the Attorney Fees Award.

. . . .

This Litigation proceeded to trial in November of 2023.  On November 17, 2023, the jury returned a verdict in favor of the Defendants.  The Court accepted the verdict of the jury, and on November 17, 2023, entered judgment in favor of the Defendants and against the Plaintiff (the "Judgment").

. . . .

Within three (3) days of the complete execution of this Agreement, the Parties will file a joint motion to vacate the Judgment, and a proposed Order granting that Motion (the "Motion to Vacate").  This Agreement is contingent on the Court granting the Motion to Vacate.

¶ 7     The agreement also includes a fee-shifting provision, which provides,

The prevailing party in any litigation that *relates to or arises from any alleged breach* of

---

[3] The agreement erroneously indicates that this order was entered on June 8, 2023.  The correct date was June 9, 2022.

> this Agreement shall be entitled to an award of his/her attorney fees and costs.

(Emphasis added.)

¶ 8    After the parties executed the agreement, Frosh's counsel prepared a joint motion to vacate the November 2023 judgment, as contemplated by the agreement. Defendants' counsel provided consent to file the joint motion using her signature. However, when Frosh's counsel shared the proposed order and sought approval to file that document with the motion to vacate, defendants' counsel responded,

> [I]n the [proposed order] you sent it says[,] "The Court orders that the judgment entered in favor of Defendants and against Plaintiff dated November 17, 2023, is hereby vacated." When you reference the judgment entered in our favor, do you mean for the attorney fees in 2022? We are not agreeable to vacating the jury's finding in our favor.
>
> If you change the language to "The Court orders that the judgment entered in favor of Defendants for attorney fees and costs and against Plaintiff and counsel dated June 9, 2022 is hereby vacated."

¶ 9    Frosh's counsel communicated further with defendants' counsel in an attempt to obtain approval to file the proposed order.

Defendants' counsel did not approve, instead insisting on changes to the settlement agreement and related filings.

¶ 10 Frosh then filed a motion to enforce the settlement agreement and sought an award of his attorney fees and costs incurred in bringing that motion pursuant to the agreement's fee-shifting provision. Initially, defendants objected to the motion to enforce, arguing that there had been no meeting of the minds regarding which judgment was to be vacated under the settlement agreement. Defendants also filed a motion to strike the motion to enforce, arguing that Frosh had violated a confidentiality provision in the agreement and had failed to confer before filing the motion. A few months later, however, defendants withdrew their objection and agreed to vacate the November 2023 judgment, while still maintaining that Frosh wasn't entitled to any attorney fees or costs for bringing the motion to enforce the settlement agreement.

¶ 11 The trial court granted the motion to enforce, denied the motion to strike, and vacated the November 2023 judgment. But the court denied Frosh's request for attorney fees and costs, ruling that "[b]ecause [d]efendants have withdrawn their objection to the . . . Motion to Enforce and have performed their duties under the

Settlement Agreement, the Court does not find there is a breach for which a prevailing party is entitled to attorneys fees and costs."

## II.     Entitlement to an Award of Attorney Fees and Costs

¶ 12    The parties acknowledge that Colorado courts follow the American rule, which generally requires parties to a lawsuit to pay their own legal expenses. *See S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein*, 2014 COA 171, ¶ 10. The parties also agree that through a fee-shifting provision, parties to a contract may agree that the prevailing party in any litigation will be entitled to recover their attorney fees and costs. *See id.*

¶ 13    But the parties disagree about the import of the trial court's ruling. Consequently, they disagree not only on how we should resolve the appeal but also on what standard we should apply in reviewing the trial court's ruling.

¶ 14    Frosh contends that the trial court incorrectly determined that defendants hadn't breached the settlement agreement, and thus that attorney fees and costs weren't owed under the agreement, simply because defendants eventually withdrew their objection to the motion to enforce. He asks us to review the court's contract interpretation de novo and to determine, as a matter of law, that

defendants breached the agreement and that he is the prevailing party in the proceedings relating to that breach, thus entitling him to recover his attorney fees and costs. *See In re Estate of Gattis*, 2013 COA 145, ¶ 35 (a trial court's interpretation of fee-shifting language in a contract presents a legal question subject to de novo review); *see also Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1259 (Colo. App. 2008) (we interpret fee-shifting provisions, like other contractual language, according to their plain and ordinary meaning and in a "common sense manner" (quoting *Butler v. Lembeck*, 182 P.3d 1185, 1189 (Colo. App. 2007))).

¶ 15 Defendants, for their part, contend that they didn't breach the agreement and that even if they did, Frosh breached it first by violating the agreement's confidentiality provision. But regardless of any breach of the agreement, defendants interpret the trial court's ruling as a prevailing party determination, and they ask us to conclude that the court acted within its discretion in determining that Frosh is not the prevailing party. *See Lawry v. Palm*, 192 P.3d 550, 569 (Colo. App. 2008) ("The determination of which party prevailed for purposes of a fee-shifting agreement is committed to the trial court's discretion."); *Whiting-Turner Contracting Co. v.*

*Guarantee Co. of N. Am. USA*, 2019 COA 44, ¶ 56 (we review a court's prevailing party decision for an abuse of discretion and "will not disturb such a decision if it is supported by the record").

¶ 16    We don't entirely agree with either party. We agree with Frosh that the trial court's ruling was premised on a determination of whether there was a breach of the settlement agreement — not on any conclusions about who, if anyone, is the prevailing party. But we also conclude that the settlement agreement doesn't require proof of an *actual breach* to warrant an award of attorney fees and costs; rather, the agreement allows for an award of such fees and costs in the event of litigation regarding an *alleged breach* of the agreement. We therefore conclude that the trial court erred by interpreting the language of the agreement's fee-shifting provision too narrowly, and we reverse the trial court's order accordingly. We decline Frosh's request, however, to conclude that he is the prevailing party in the proceedings relating to the alleged breach. Because we conclude that this is a discretionary determination best left to the trial court, we remand the case for that court to determine whether Frosh is the prevailing party.

¶ 17    Again, the pertinent fee-shifting provision states that "[t]he prevailing party in any litigation that *relates to or arises from any alleged breach of this Agreement* shall be entitled to an award of his/her attorney fees and costs." (Emphasis added.)

¶ 18    Courts construe fee-shifting provisions that use broad phrases like "arise out of" as applying to all claims that originate from, grow out of, or flow from the underlying subject matter. *Gattis*, ¶ 39. And courts have applied fee-shifting provisions that use the phrase "relating to" even more broadly, so as to encompass all issues surrounding that subject matter. *Id.* at ¶ 40. Accordingly, we interpret the fee-shifting provision in the parties' agreement broadly to apply to any issues surrounding the subject matter of "any alleged breach of th[e] [a]greement."

¶ 19    And while the trial court in its ruling — and the parties in this appeal — focused on whether there was a breach of the settlement agreement, the fee-shifting provision is broader than that. It allows for the recovery of attorney fees and costs by the prevailing party in any litigation surrounding an "alleged breach" of the agreement. The plain and ordinary meaning of "alleged" is "[a]sserted to be true as described" or "[a]ccused but not yet tried." Black's Law

Dictionary 93 (12th ed. 2024); *see also* Merriam-Webster Dictionary, https://perma.cc/UC64-39TF (defining "alleged" to mean "accused but not proven or convicted," "asserted to be true or to exist," or "questionably true or of a specified kind").  Thus, to justify an award of fees and costs, the plain language of the provision requires only an assertion or accusation that there was a breach of the agreement; it doesn't require a finding that a breach had, in fact, occurred.

¶ 20     Plainly, that requirement was satisfied here.  In his motion to enforce the settlement agreement, Frosh asserted that the parties had entered into a binding settlement agreement and that defendants were breaching it by refusing to comply with it, including by attempting to unilaterally change the language of the agreement and by failing to perform their obligations under the agreement.  Regardless of whether defendants had in fact breached the agreement, the litigation that ensued arose from and related to Frosh's accusation that defendants had entered into a binding settlement agreement and then breached it.

¶ 21     Accordingly, we conclude the trial court erred by declining to award attorney fees and costs on the basis that no breach had

occurred for which a prevailing party would be entitled to such a recovery. We thus reverse the court's order denying fees and costs.

¶ 22  However, we decline Frosh's request to determine in the first instance that he is the prevailing party in the proceedings relating to the alleged breach of the settlement agreement. Frosh sets forth the reasons why he believes he should be deemed the prevailing party, including that the trial court adopted his arguments for enforcement of the settlement agreement "nearly verbatim" and that the court "entered the exact relief" he had requested. Defendants, in response, contend that Frosh isn't necessarily the prevailing party because they voluntarily changed their conduct in response to the litigation and so the trial court never had to adjudicate the issues.

¶ 23  The trial court is in the best position to weigh these considerations and determine who, if anyone, is the prevailing party in this case. *See Anderson v. Pursell,* 244 P.3d 1188, 1194 (Colo. 2010) ("[T]he trial court is in the best position to observe the course of the litigation and to determine which party ultimately prevailed."); *23 LTD v. Herman,* 2019 COA 113, ¶ 64 ("Ordinarily, given the discretion afforded the trial court in determining which

11

party is the prevailing party," if a trial court makes a legal error that affects a prevailing party issue, "we . . . remand to the [trial] court for a prevailing party determination" unless there is only one possible outcome.); *see also Lawry*, 192 P.3d at 570 ("[I]n a proper case, the trial court may rule that neither party prevailed and award no fees.").

¶ 24    Accordingly, we remand the case to the trial court to determine whether Frosh is the prevailing party in the proceedings relating to the alleged breach of the settlement agreement.  On remand, the trial court should consider whether Frosh "succeed[ed] on a significant issue in the litigation and achieve[d] some of the benefits sought."  *Anderson*, 244 P.3d at 1194.  The issue doesn't need to be "the central issue in the litigation"; it just needs to be "a significant one."  *Id.* (quoting *In re Water Rights of Bd. of Cnty. Comm'rs*, 891 P.2d 981, 984 (Colo. 1995)).

### III.    Appellate Attorney Fees and Costs

¶ 25    Lastly, both Frosh and defendants request an award of appellate attorney fees and costs pursuant to C.A.R. 39.1 and the fee-shifting provision in the settlement agreement.

12

¶ 26    Once again, the fee-shifting provision allows the "prevailing party in any litigation" relating to or arising from an alleged breach of the settlement agreement to recover an award of fees and costs. Because there has not yet been a determination of who, if anyone, is the prevailing party in this litigation, any allocation of attorney fees and costs at this stage would be premature. *See Sheridan Redevelopment Agency v. Knightsbridge Land Co.*, 166 P.3d 259, 267 (Colo. App. 2007) (determining that a party's request for statutory attorney fees wasn't yet ripe because the case was being remanded for further proceedings on the merits).

¶ 27    We therefore deny the parties' requests for appellate attorney fees and costs. However, the trial court may consider the requests on remand after it makes a prevailing party determination.

## IV.   Disposition

¶ 28    The trial court's order is reversed to the extent that it denied Frosh's request for an award of attorney fees and costs, and the case is remanded to the trial court to determine whether Frosh is the prevailing party in the proceedings relating to defendants' alleged breach of the settlement agreement.

JUDGE WELLING and JUDGE SULLIVAN concur.