AGRITRACK, INC., a Colorado
corporation, Petitioner,

v.

DeJOHN HOUSEMOVING, INC.,
a Colorado corporation,
Respondent.

No. 00SC52.

Supreme Court of Colorado,
En Banc.

June 11, 2001.

As Modified on Denial of Rehearing
July 2, 2001.

Yates & Leal, LLP, Carlos Leal, Russell E. Yates, Phillip J. Frazee, Jan Kneisel, Suzanne V. Suher Katchmar, Denver, CO, Attorneys for Petitioner.

Law Office of David M. Herrera, David M. Herrera, Fort Collins, CO, Attorney for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

This is a breach of contract case. DeJohn Housemoving, Inc., the respondent, contracted with the Cheyenne Airport Board to demolish and remove approximately fifty housing units in order to allow the Airport Board to construct a sound buffer at the end of a runway. DeJohn, a house moving company, subcontracted with the petitioner, Agritrack, Inc., to do the excavation, demolition, and grading services. DeJohn intended to move most of the housing units to a new subdivision.

DeJohn was not able to complete the work on schedule. Agritrack filed a civil action against DeJohn in the Weld County District Court, seeking damages under the subcontract and also on the basis of a theory of implied contract. The jury found DeJohn had breached both the subcontract and the implied contract between the parties, and awarded Agritrack damages. The district court also awarded Agritrack its attorney's fees pursuant to a provision in the subcontract. On appeal, the court of appeals affirmed the district court's judgment on the issues of liability and damages, but reversed the award of attorney's fees. *Agritrack, Inc. v. DeJohn Housemoving, Inc.*, No. 98CA1843, slip op. at 10–12 (Colo. App. Dec. 2, 1999) (not selected for official publication). Agritrack filed a petition for writ of certiorari seeking this court's review of the attorney's fees issues only.[1] We granted the petition for writ of certiorari, and we now reverse. We hold that the district court properly awarded attorney's fees on the breach of express contract claim and on the implied contract claim.

## I.

DeJohn was the successful bidder and became the general contractor for the Airport Board under a federal contract calling for the demolition or removal of a fifty-unit housing subdivision, which included excavation of the surrounding streets, curbs, and utilities. DeJohn contracted with a housing developer to remove the house structures and to relocate them to a new subdivision in Cheyenne. On August 15, 1995, DeJohn entered into a written contract with Agritrack (the express contract or the subcontract) for Agritrack to perform excavation, demolition, and grading services. The subcontract referred to the contract between DeJohn and the Airport Board. The subcontract provided, in part:

> Article 3. The Subcontractor [Agritrack] shall furnish all work as prescribed in the Morie Avenue Redevelopment Phase I bid packet, with the exception of the removal of the houses, which shall be done by the contractor [DeJohn]. It is agreed that the subcontract work performed by Agritrack, Inc. will be done for the contract price of One Hundred Ninety–Nine Thousand Dollars ($199,000).

> Article 4. The Contractor shall, upon completion of the work by the Subcontrac-

---

1. The issues on which we granted certiorari are:
 (1) Whether the court of appeals erred in reversing the trial court's award of attorney's fees and interest on attorney's fees to Agritrack on Agritrack's breach of contract claim.

 (2) Whether the court of appeals erred in reversing the trial court's award of attorney's fees and interest on attorney's fees to Agritrack on Agritrack's breach of implied contract claim.

tor and receipt of payment by the Contractor from the Cheyenne Airport Board, compensate the Subcontractor. Payments to Subcontractor shall be within five (5) days of receipt of payments by the Contractor.

The provision at the heart of this case, Article 9, stated, "Should judicial intervention be necessary to resolve disputes between the parties, the party found liable will be responsible for all attorney's fees, costs, and interest."

Agritrack's performance of the contract was delayed for reasons that Agritrack claimed were DeJohn's fault. Moreover, Agritrack asserted that they had performed certain work in addition to that specified in the subcontract. According to Agritrack, DeJohn promised to recompense Agritrack at a later date for that additional work. Finally, DeJohn failed to pay Agritrack the last payment due under the subcontract. Agritrack filed a civil action in the district court, requesting damages under the subcontract and damages for the additional work under a theory of implied contract.[2] Jury Instruction No. 1 summarized Agritrack's claims as follows:

The plaintiff claims:

1. That the Defendant entered into a written contract with plaintiff for excavation and demolition services;

2. The amount of the contract was for $199,000.00;

3. The Plaintiff was paid $172,737.00;

4. That it is owed an additional ... $26,263.00;

5. The Defendant delayed the performance of the contract for five and one-half months;

6. That Plaintiff at the request of Defendant provided additional materials[,] equipment[,] and labor to the Defendant in the sum of $156,228.00 ....

The same jury instruction summarized the defendant's position on the amount unpaid under the subcontract: "That while the Defendant owes Plaintiff an additional $26,263.00, less amounts for work not performed, payment under the contract is not yet due." DeJohn also asserted that they did not delay the performance of the contract for five and one-half months; that Agritrack did not perform any additional work under the contract between the parties; that Agritrack provided no additional material, equipment, and labor to DeJohn; and that no agreement was ever reached between the parties subsequent to the subcontract.

As pertinent to the issues before us, DeJohn asserted affirmative defenses that Agritrack's claims were barred by waiver, laches, and estoppel, the failure to comply with conditions precedent, the failure to mitigate damages; and finally that any damages Agritrack may have suffered were the result of its own actions or inaction.

Instruction No. 11 presented Agritrack's breach of express contract claim and DeJohn's defenses:

In order for the Plaintiff, Agritrack, Inc., to recover from the defendant, DeJohn Housemoving, Inc., *on its claim of breach of express contract,* you must find all of the following have been proved:

1. The defendant entered into a contract with the plaintiff to provide excavation and demolition services; and

2. The defendant failed to pay the plaintiff the amounts due under the contract; and

3. *The Plaintiff has complied with all the terms and conditions of the contract with the defendant.*

If you find that any one or more of these (3) propositions has not been proved by a preponderance of the evidence, then your verdict must be for the defendant.

On the other hand, if you find that all of these (3) propositions have been proved by a preponderance of the evidence, then your verdict must be for the plaintiff unless you should also find that the defendant's affirmative defense that Plaintiff's claims are barred by the doctrines of estoppel; *failure to comply with conditions precedent of*

---

**2.** Agritrack asserted some additional theories of recovery that did not go the jury, and thus are

not relevant to the case before us.

*the contract;* that Plaintiff's claims against Defendant are barred by the conduct of another; Plaintiff's claims are barred by the speculative nature of the claimed damages; *Plaintiff's claims are barred by Plaintiff's own failure to mitigate damages, if any;* Plaintiff's claims are barred in whole or in part by intervening or supervening causation; Plaintiff's claims are barred in whole or in part by the express provisions of the contract governing the transaction; Plaintiff's claims are barred in whole or in part by custom and trade practice; Defendant has fully performed its contractual obligations; *Plaintiff's damages, if any[,] are the result of Plaintiff's own actions or inactions,* has been proved by a preponderance of the evidence, in which event, your verdict must be for the defendant.

(Emphasis added.) The jurors were also instructed on Agritrack's claim of breach of implied contract in Jury Instruction No. 25:

In order for the plaintiff, Agritrack, Inc., to recover from the defendant, DeJohn Housemoving, Inc., on its claim of an implied contract to pay for excavation and demolition services, you must find all of the following have been proved:

1. The plaintiff rendered services to the defendant;

2. The plaintiff did so without a specific agreement as to payment, but with the reasonable expectation that it would be paid the reasonable value of such services by the defendant;

3. The defendant requested or accepted such services expecting to pay for them or under such circumstances that it knew, or as a reasonable person should have known, that the plaintiff expected to be paid; and

4. The reasonable market value of the services rendered.

If you find that any one or more of these (4) propositions has not been proved by a preponderance of the evidence, then your verdict must be for the defendant.

On the other hand, if you find that all of these (4) propositions have been proved by a preponderance of the evidence, then your verdict must be for the plaintiff (unless you should also find that the defendant's affirmative defense of that Plaintiff's claims are barred by the doctrines of estoppel; failure to comply with conditions precedent of the contract; that Plaintiff's claims against Defendant are barred by the conduct of another; Plaintiff's claims are barred by the speculative nature of the claimed damages; Plaintiff's claims are barred by Plaintiff's own failure to mitigate damages, if any; Plaintiff's claims are barred in whole or in part by intervening or supervening causation; Plaintiff's claims are barred in whole or in part by the express provisions of the contract governing the transaction; Plaintiff's claims are barred in whole or in part by custom and trade practice; Defendant has fully performed its contractual obligations; Plaintiff's damages, if any[,] are the result of Plaintiff's own actions or inactions, has been proved by a preponderance of the evidence, in which event, your verdict must be for the defendant).[3]

The jury found in favor of Agritrack on both of the claims. With respect to the express contract, the jury awarded Agritrack $29,263.00 in compensatory damages for the amount unpaid under the subcontract, less $9,000 as an offset to DeJohn for work that Agritrack had not performed under the contract.

On the implied in fact contract claim, the jury awarded Agritrack the following damages for additional work they performed that the terms of the subcontract did not require: (1) $708 for the removal and demolition of a two-story structure; (2) $508 for demolition and disposal of a breezeway; and (3) $14,636 for demolition and disposal of garages.

Consistent with the jury's special verdicts, the district court awarded Agritrack $36,115, together with interest, attorney's fees, and costs. The court then held a hearing on the amount of attorney's fees and costs. On

---

**3.** This instruction tracked Colorado Jury Instruction 30:31 pertaining to contracts *implied in fact* to pay for goods or services. CJI–Civ. 4th 30:31.

September 2, 1998, the court issued its order awarding Agritrack attorney's fees and costs. Only the correctness of the award of attorney's fees is at issue on this appeal.

The district court found that Agritrack was entitled to its attorney's fees for the implied contract claim as well as for the express contract claim. Quoting Article 9 of the subcontract ("Should judicial intervention be necessary to resolve disputes between the parties, the party found liable will be responsible for all attorney's fees, costs, and interest"), the court determined that the provision was broad enough to include the dispute involving the implied contract. Specifically, the trial court determined that the claim for damages for breach of the implied contract arose "out of the contract and the work done under the contract." Considering the factors in determining a reasonable fee under Colo. RPC 1.5(a), the court awarded Agritrack $35,000 in attorney's fees against DeJohn.

On appeal, the court of appeals affirmed the jury's verdicts of liability and damages in favor of Agritrack. The court of appeals, however, reversed the attorney's fee award. *Agritrack, Inc.,* No. 98CA1843, slip op. at 10. It held that the amounts awarded under the implied contract were not based on a dispute under the contract and that there was therefore no authority for an award of attorney's fees. *Id.* The court of appeals also concluded that the award of attorney's fees for breach of the express contract was error, because under that claim Agritrack sought to recover only the balance due under the contract, and Agritrack could have received that if it had simply completed certain necessary documents for the Airport Board. *Id.* at 11. We first consider whether the court of appeals was correct in disallowing attorney's fees for breach of the express contract.

## II. The Express Contract

■ Colorado adheres to the so-called "American Rule" with respect to the award of attorney's fees. "In the absence of a statute, court rule, or private contract to the contrary, attorney fees are not recoverable by a prevailing party in either a contract or a tort action." *Adams v. Farmers Ins. Group,* 983 P.2d 797, 801 (Colo.1999). No statute

provides for the award of attorney's fees in this case, so the subcontract is the only source for such a result. The focus is, therefore, on Article 9 of the subcontract, which provides that: "Should judicial intervention be necessary to resolve disputes between the parties, the party found liable will be responsible for all attorney's fees, costs, and interest."

■ The court of appeals held that Agritrack was not entitled to recover its attorney's fees under Article 9 because it failed to complete certain lien waiver documentation for the Airport Board. The court of appeals bases its decision upon the assumption that if Agritrack had completed the documentation, it would have received the retained amount under the contract and would have had no reason to initiate suit.

DeJohn made this same argument before the district court at the hearing on attorney's fees, and the court rejected it:

One additional issue raised by Defendant is the fact that Plaintiff could have received the retainage simply by signing the necessary documents. Defendant argues he was in a catch 22 situation. He believed he did not owe as much as Plaintiff claimed. When he refused to pay what he thought was exorbitant he subjected himself to attorney fees under the contract, even though he admitted some amount was owed. *However, that issue was not fully developed during the trial. It's not clear, at least to me, what documents Plaintiff would have to sign in order to get the retainage. He, too, may have been in a catch 22 situation. He did not want to give up his claim for additional sums in order to get the balance. The sword cuts both ways.*

(Emphasis added.)

In resolving the limited issues on appeal, we must act within the constraints of the jury's verdict. Here, the jury concluded that DeJohn breached its express contract with Agritrack. During trial, DeJohn interposed numerous affirmative defenses to Agritrack's breach of the subcontract, including Agritrack's failure to comply with conditions precedent of the contract, and failure to mitigate

damages. By its verdict, the jury rejected all of DeJohn's defenses. As noted by the trial court, DeJohn did not fully developed its argument that Argritech failed to execute documents that would have led to immediate recovery of the retained sum, while preserving Agritrack's right to litigate about the implied contract sums.

After failing to convince the jury, DeJohn is not entitled to ask the trial court to overturn that portion of the verdict by way of requests at the hearing on attorney's fees. As the district court properly noted, whether Agritrack's refusal to execute the documents was justified by the circumstances or not was an issue that had not been developed sufficiently for the factfinder to decide one way or another. The hearing on attorney's fees was not the proper time to raise this defense. We therefore conclude that the court of appeals erred in affording DeJohn the benefit of the argument on appeal. The court of appeals' holding has the effect of impeaching the jury's verdict that DeJohn, not Agritrack, breached the express contract. *Page v. Clark,* 197 Colo. 306, 313, 592 P.2d 792, 796 (1979).

 DeJohn advances an additional reason to affirm the court of appeals, based on the language of the fee-shifting provision in the subcontract. The interpretation of language in a contract is a question of law that an appellate court reviews de novo. *Ad Two, Inc. v. City & County of Denver,* 9 P.3d 373, 376 (Colo.2000). DeJohn claims that the language in the subcontract allows attorney's fees to be awarded to the "party found liable," and not the "prevailing party." DeJohn argues that, although the jury found DeJohn liable for damages under the subcontract, it also found that Agritrack was "liable" to DeJohn for a $9,000 set-off for the work Agritrack was not required to perform. DeJohn argues that because the jury found liability on both sides, the fee-shifting language must apply to both parties.

We conclude that this is an overly technical reading of a fairly simple provision. The jury determined that DeJohn was liable to Agritrack for $29,263.00 in compensatory damages for the amount left unpaid under the subcontract, less $9,000 as an offset to DeJohn for work that Agritrack did not have to perform, but had agreed to. In the simplest terms, because it breached the subcontract, DeJohn is liable to Agritrack for the compensatory damages, less the set-off, or a balance of $20,263.00. The district court judgment reflects that DeJohn is liable to Agritrack for this amount. On the other hand, Agritrack is not liable to DeJohn for anything. A common-sense reading of the fee-shifting provision, therefore, requires DeJohn to pay Agritrack the reasonable attorney's fees expended on the breach of express contract claim. The fact that there was a set-off might be relevant to the *amount* of reasonable attorney's fees awarded,[4] but not entitlement to the award itself. Accordingly, we reverse the court of appeals on this issue.

### III. The Implied Contract

 The second claim involves the breach of a contract *implied in fact:*

[A] contract implied in fact is based on the conduct of the parties to the agreement and it is the conduct itself which establishes the agreement. There is little fundamental difference between an express contract and a contract implied in fact. An express contract is evidenced by the parties' written or oral words. A contract implied in fact arises from the parties' conduct which evidences a mutual intention to enter into a contract. In both cases, a contract is created by the meeting of the minds to contract with each other. *See Tuttle v. ANR Freight System, Inc.,* 797 P.2d 825 (Colo.App.1990).

*Osband v. United Airlines, Inc.,* 981 P.2d 616, 621 (Colo.App.1998), *cert. denied sub nom., Galileo Int'l P'ship v. Osband,* No. 98SC785 (Colo. July 26, 1999). "There is no difference in legal effect between express and implied in fact contracts." *Tuttle v. ANR Freight Sys., Inc.,* 797 P.2d 825, 829 (Colo.App.1990). As one commentator states:

amount involved in the controversy, and the result the lawyer obtains for the client.

---

4. Colo. RPC 1.5(a)(4) provides that the reasonableness of a fee is determined, in part, by the

A good many contracts are never expressed in word, or at least not fully in words. These are genuine understandings between the parties even though they have not been spelled out .... The term [implied in fact] only means that the parties had a contract that can be seen in their conduct rather than in any explicit set of words. In other words, the contract is proved by circumstantial evidence.

1 Dan B. Dobbs, *Law of Remedies* § 4.2(3), at 579 (2d ed.1993).

■ The court of appeals held that attorney's fees could not be awarded for breach of an implied contract, where the damages arose by their very nature outside of the express contract. We disagree.

■ There is no evidence in the record that the implied in fact contract modified the fee-shifting provision contained in the subcontract. The implied contract was subsequent to the express contract. It is true that a subsequent oral agreement between the parties may modify a provision of an earlier written contract, even in the face of a provision in the original contract that modifications must be in writing. *James H. Moore & Assocs. Realty v. Arrowhead at Vail,* 892 P.2d 367, 372 (Colo.App.1994).

Agritrack argues that Article 9's language concerning "judicial intervention ... necessary *to resolve disputes between the parties*" (and not just *disputes under the contract*) is broad enough to encompass their claim based on implied contract. *See Rocky Mountain Microsystems, Inc. v. Pub. Safety Sys., Inc.,* 989 F.Supp. 1352, 1358 (D.Colo.1998) (applying Colorado contract law and finding that fee-shifting provision in an express contract applied to a related claim based on quantum meruit), *aff'd without opinion,* 173 F.3d 864 (10th Cir.1999). The district court agreed with this argument.

The question of whether attorney's fees can be awarded on an implied contract is, at first blush, a legal one and can be easily answered. The answer is no: there is no authority in Colorado law that would permit attorney's fees to be awarded to the prevailing party on a quantum meruit claim.

Here, however, the question is not so simple. The underlying contract was in full force, and the jury specifically concluded that Agritrack had not breached it. At the attorney's fee hearing, the question before the district court was whether the fee shifting provision in the subcontract applied to the oral agreement covering the additional work. The district court determined that it did.

The interpretation of contractual language is a question of law which we review de novo. *Ad Two, Inc.,* 9 P.3d at 376. The language of the fee-shifting provision in this case, relating to disputes between the parties for which judicial intervention is necessary, is unusually broad. Theoretically, it could be read to apply to all disputes between the parties arising at any time for any cause of action whatsoever, an obviously unintended and absurd result. We do not read it this broadly. We do, however, read it to apply to disputes that arose from the express contract. Here, the dispute over the contract implied in fact, although it pertained to work outside of the contract, arose from the express contract between the parties. It involved the same subject matter, the airport job, and same type of claim, based on contract. In the absence of any finding that the provision was ambiguous, was abrogated by the parties or did not express the true intent of the parties, we conclude that Article 9 of the subcontract authorizes Agritrack to recover the attorney's fees it expended prosecuting its implied contract claim. We therefore reverse the court of appeals on this issue also.

IV.

Accordingly, the court of appeals' judgment with respect to attorney's fees is reversed, and the district court's award of attorney's fees to Agritrack is reinstated.

Justice BENDER does not participate.