11-1694-cv
*Muller v. Anderson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand and twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMES MULLER,

> *Plaintiff-Appellant,*

> -v.-                                                                    No. 11-1694-cv

PAUL W.S. ANDERSON, DAVIS ENTERTAINMENT, TWENTIETH CENTURY FOX FILM CORPORATION,

> *Defendants-Appellees,*

BRANDYWINE PRODUCTIONS,

> *Defendant.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                    WILLIAM PAUL NOLAN, The Nolan Law Firm, New York, NY.

---

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**FOR DEFENDANTS-APPELLEES:**  LOUIS P. PETRICH, Leopold, Petrich & Smith, A Professional Corporation, Los Angeles, CA (Slade R. Metcalf, Katherine M. Bolger, Rachel F. Strom, Hogan Lovells US LLP, New York, NY, *on the brief*).

Appeal from a March 31, 2011 judgment of the United States District Court for the Southern District of New York (Denny Chin, *Circuit Judge*, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2011 judgment of the District Court be **AFFIRMED**.

James Muller appeals from an order of the District Court granting summary judgment on Muller's copyright and breach of contract claims, and denying Muller's motion for further discovery under Federal Rule of Civil Procedure 56(f) ("Rule 56(f)"). We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). We review a denial of a request for discovery under Rule 56(f)—now renumbered 56(d)—for abuse of discretion. *Gualandi v. Adams*, 385 F.3d 236, 244–45 (2d Cir. 2004). We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

Muller is a screenwriter who contends that the defendants, Paul W. S. Anderson, Davis Entertainment, and Twentieth Century Fox Film Corporation, made illegal use of his script for "The Lost Continent" ("TLC") in their film "Alien vs. Predator" ("AVP").

In broad terms, TLC tells the tale of a group of scientists, soldiers, and shadowy government officials with undisclosed ties to the Freemasons, who venture via submarine to a hidden space beneath Antarctica. There, they discover the remains of the fabled Atlantis. They soon find a large pyramid that holds a powerful magic crystal. As so often happens upon finding a valuable treasure, things quickly go awry. The team is attacked by various inanimate or frozen creatures come to life—first a brigade of stone gargoyles and later the evil leader of Atlantis, Jahbulon. As the fight wears on, the protagonists, a female archaeologist and a male Navy SEAL Captain, must confront both the dangers of Atlantis and the machinations of the Freemasons, whose membership includes the President of the United States himself.

AVP is the story of the battle between two well-known monsters of science fiction, the Aliens and the Predators. The action begins when a team of scientists and soldiers explore an island off of

Antarctica where they find a mysterious pyramid.  Within, they discover the Alien Queen—an infamous beast from the *Alien* film series.  As Aliens do, the Queen soon lays eggs, which produce "facehuggers," which, in turn, latch onto the soldiers' faces and implant Alien embryos.  The embryos develop in the victims' bodies until they burst out of their chests, killing the hosts.  The Aliens then quickly develop into fearsome and aggressive creatures.  It turns out, however, that the Aliens are not the only extra-terrestrials on this remote island.  As it happens, the Predators—an advanced species from outer space that hunts humans and others for sport, as seen in the *Predator* film series—have trapped the Alien Queen on Earth, so that they may return every hundred years and participate in a ritual hunting of Aliens.  The humans, tricked by the Predators into exploring the island, were merely hapless victims, used as hosts so that the Predators could hunt full-grown Aliens.  As the humans are killed off in the cross-fire between Predators and Aliens, the protagonist—a female scientist—must join forces with the last remaining Predator to fend off the Aliens.[2]

Muller brought suit alleging that he had sent his script for TLC to various persons or entities associated with defendants, that TLC was copyrighted, and that there was substantial similarity between TLC and AVP.  He therefore claimed that defendants had (1) infringed his copyright and (2) breached an implied contract by appropriating his ideas without remuneration.  Defendants subsequently moved for summary judgment.  In his opposition, Muller moved for additional discovery.  Ultimately, the District Court granted summary judgment to defendants on both the copyright infringement claim and the breach of implied contract claim, and denied plaintiff's request for further discovery.  *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp. 2d 429, 449 (S.D.N.Y. 2011).

On appeal, Muller argues that the District Court (1) erred as a matter of fact and law in granting summary judgment on his copyright infringement claim; (2) erred as a matter of fact and law in granting summary judgment on his breach of implied contract claim; and (3) abused its discretion in denying his motion for additional discovery.

## DISCUSSION

### A.  Copyright Infringement

Where, as here, the parties do not dispute that the plaintiff has a valid copyright, the plaintiff must prove two elements to prevail: (1) actual copying and (2) improper appropriation.  *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 139–40 (2d Cir. 1992).  A plaintiff may establish actual copying circumstantially by demonstrating (a) that the defendant had access to the copyrighted material and (b) that the two works exhibit similarities "probative of copying."  *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (quotation marks omitted).  Alternatively, a plaintiff may prove actual copying if the

---

[2] A more complete synopsis of both TLC and AVP, including the ending of each, may be found at *Muller v. Twentieth Century Fox Film Corp.*, 794 F. Supp. 2d 429, 433-438 (S.D.N.Y. 2011).

"works are so strikingly similar as to preclude the possibility of independent creation." *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997) (quotation marks omitted). A plaintiff may demonstrate improper appropriation by showing substantial similarity between the two works. *Laureyssens*, 964 F.2d at 140. Hence, a court may grant summary judgment for the defendant where "no reasonable jury, properly instructed, could find that the two works are substantially similar." *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992).

The District Court did not err in granting summary judgment. It amply explained why Muller failed to adduce facts from which a reasonably jury could find actual copying or improper appropriation. Indeed, as the District Court's thorough examination shows, Muller could not prove access, probative similarity, striking similarity, or any element that would support a finding of appropriation. Therefore, substantially for the reasons set out by the District Court, we affirm the judgment of the District Court as to the copyright infringement claim.

**B.      Breach of Implied Contract**

The District Court granted summary judgment as to the state law breach-of-implied-contract claim on the ground that it was preempted by the Copyright Act. However, after the District Court issued its judgment, we had an opportunity to address the application of preemption under the Copyright Act to claims of breach of an implied contractual promise to pay for ideas. In *Forest Park Pictures v. Universal Television Network, Inc.*, we recently held that "preemption is precluded [by] a contract claim [that] includes a promise to pay." 683 F.3d 424, 432 (2d Cir. 2012). Moreover, "there is no difference for preemption purposes between an express contract and an implied-in-fact contract." *Id.* Because Muller has properly alleged that defendants violated an implied-in-fact contract by using his ideas without remuneration, his breach of implied contract claim is arguably not preempted.

Nonetheless, "we may 'affirm the judgment of the district court on any basis for which there is a record sufficient to permit conclusions of law.'" *N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 116 n.8 (2d Cir. 2007) (quoting *Prisco v. A&D Carting Corp.*, 168 F.3d 593, 610 (2d Cir. 1999)). Here, it is perfectly clear that Muller has failed to present a triable issue of fact with respect to his breach of contract claim. Even if, as Muller argues, Colorado law applies, *cf. Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2376 n.6 (2011) (declining to determine which law applies where no relevant difference between the laws was identified), he still must prove "that the parties agreed upon all essential terms," which may be "evidenced by their manifestations of mutual assent." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986) (en banc); *see also Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo. 2011) ("A contract implied in fact arises from the parties' conduct which evidences a mutual intention to enter into a contract." (quotation marks omitted)).

Muller has offered no evidence whatsoever of any mutual assent between himself and the defendants. All Muller has even argued is that he sent TLC to several persons or entities with some

4

connection to the defendants. As the District Court explained in its analysis of the access prong of the copyright claim, *Jorgensen*, 351 F.3d at 51, these assertions "are based on speculation and conjecture rather than concrete evidence." Indeed, Muller himself has conceded that "[n]o material terms of a contract to pay for ideas were ever communicated, either expressly or by implication, between plaintiff and any of the defendants." *Compare* Defs.' Statement of Material Facts ¶ 42, Joint App'x 1496, *with* Pl.'s Statement of Material Facts ¶ 42, Joint App'x 3217. In sum, although Muller's breach of implied contract claim may not be preempted, the District Court's judgment as to the breach of contract claim may nonetheless be affirmed.

## C.     Additional Discovery

Finally, Muller argues that the District Court abused its discretion in denying his motion for additional discovery under Rule 56(f)—now renumbered as 56(d).[3] There is simply no basis to conclude that District Court abused its discretion by denying the motion. Therefore, substantially for the reasons articulated by the District Court, we affirm this portion of the judgment.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal, and we affirm the March 31, 2011 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] In relevant part, Federal Rule of Civil Procedure 56 reads:

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.