FILED
United States Court of Appeals
Tenth Circuit

February 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STANDARD BANK, PLC,

      Plaintiff - Appellee,

v.

RUNGE, INC., f/k/a Runge Mining, Inc.,
d/b/a Pincock, Allen & Holt,

      Defendant - Appellant.

No. 12-1340
(D.C. No. 1:07-CV-01989-RPM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MATHESON** and **McKAY**, Circuit Judges.

Standard Bank PLC ("Standard") sued Runge, Inc. ("PAH")[1] in tort for

professional negligence and negligent misrepresentation. The district court granted

summary judgment to PAH based on Colorado's economic loss rule, and we affirmed.

*Standard Bank, PLC v. Runge, Inc.*, 443 F. App'x 347, 349, 353-54 (10th Cir. 2011).

PAH then moved to recover costs, including attorney fees, based on the contract between

PAH and Bronco Hazleton Company ("Bronco"). The district court denied PAH's

---

    * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Runge, Inc. does business as Pincock, Allen & Holt, which has been referred to
throughout this case as PAH.

motion, holding that fee-shifting was not part of the contract. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further consideration.

## I. **BACKGROUND**

In 2005, Bronco sought a loan from the Royal Bank of Scotland ("RBS") to purchase the Hazleton coal mine in southern Indiana. RBS asked PAH to perform independent engineering evaluation as part of RBS's due diligence.

Instead of forming a contract with PAH for the engineering work, RBS asked PAH to make arrangements with Bronco. PAH submitted a 24-page proposal to Bronco (copy to RBS), which included PAH's standard "Terms and Conditions." PAH's terms called for, among other things, a $35,000 prepayment. The terms also included a fee-shifting provision to allow the prevailing party in a contract dispute to recover costs, including attorney fees, from the losing party.

Although no one signed the proposal, Bronco paid the $35,000. Standard later replaced RBS as the lender, understanding that PAH would continue as the independent engineer. Standard relied on PAH reports to make its loan decision.

Standard loaned $35 million to Bronco in December 2005. Bronco acquired the mine, but within months the mine failed and Bronco went bankrupt. Standard sued PAH in the U.S. District Court for the District of Colorado for $43 million, alleging the torts of professional negligence and negligent misrepresentation. The district court, exercising diversity jurisdiction, granted summary judgment based on the Colorado economic loss rule, which prevents parties "suffering only economic loss from the breach of an express

or implied contractual duty" from "assert[ing] a tort claim for such breach absent an independent duty of care under tort law." *Standard Bank*, 443 F. App'x at 349-50 (quotations omitted). We affirmed the summary judgment. *Id*. at 354.

On remand, the district court denied PAH's request under the fee-shifting provision. The fee-shifting provision appears in the Terms and Conditions as follows:

> 14. DISPUTES RESOLUTION. . . . (iii) The prevailing party will be entitled to recovery of all reasonable costs incurred, including staff time, court costs, attorneys' fees, and other claim-related expenses.

Appx., Vol. IV at 813.

## II. **DISCUSSION**

The district court and this court previously held there was a contract between Bronco and PAH. The issues here are (A) whether the contract includes the fee shifting provision, and if it does, (B) whether that provision is valid, and if so, (C) whether it applies to Standard.

In its December 14, 2012 order, the district court made the following statements about the fee shifting provision:

> While this Court decided that the proposal became a contract when Bronco paid the $35,000 advance fee, it did not decide that the fee shifting provision in the Terms and Conditions was part of the agreement. There was no need to make that decision. . . .
>
> Colorado courts have strictly construed fee shifting agreements because they are in derogation of the American rule and their scope depends, in part, on the circumstances surrounding the formation of the contract. There has been no evidence of any negotiations between PAH and Bronco and no occasion for this Court to determine whether it and the other PAH standard Terms and Conditions were accepted by Bronco. In the absence of a

> finding that attorney's fees and costs would be recoverable from Bronco, the defendant's argument for recovery from Standard are rejected.

*Standard Bank, PLC v. Runge, Inc.*, No. 07-cv-01989-RPM, 2012 WL 3264288, at *3 (D. Colo. Aug. 9, 2012)

As to issue (A)—whether the contract includes the fee shifting provision—the district court's first statement, as we explain below, appears to conflict with the law of the case holding that the fee-shifting provision is part of the Bronco-PAH contract.

As to issue (B)—whether the provision is valid—the district court's second statement appears to give brief consideration to this issue, but the reference to having "no occasion . . . to determine whether [the fee provision was] accepted by Bronco" suggests less than full consideration. *Id*.

As to issue (C)—whether the fee shifting provision applies to Standard—the district court, because of its conclusion based on "the absence of a finding," did not address this issue. *Id*.[2] We are confident the district court addressed issue (A), and we turn to it next.

## A. *Is the Fee-Shifting Provision Part of the Bronco-PAH Contract?*

The proposition that the fee-shifting provision was part of a valid contract between Bronco and PAH finds support in our previous Order and Judgment affirming summary judgment for PAH. *Standard Bank*, 443 F. App'x at 347-48 & n.1. In that opinion, we

---

[2] Much of PAH's and Standard's briefs address the third issue—whether the fee-shifting provision applies to Standard—an issue the district court did not address and that, as explained below, we remand.

agreed with the district court that Colorado's economic loss rule precluded Standard's tort claim, and we recognized there was a "contract between Bronco and PAH." *Id*. at 348 (footnote omitted). Although "[t]here was no signed contract between Bronco and PAH," we said that "PAH's written proposal to provide services became the contract when Bronco made payment for PAH's services. The parties do not argue otherwise." *Id*. at 348 n.1. We further stated that "[w]hen we refer to the contract, we are referring to PAH's proposal." *Id.*

The law of the case is that Bronco and PAH formed a contract and the contract consists of PAH's proposal. *See Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9*, 10 F.3d 700, 705 (10th Cir. 1993) ("The 'law of the case' doctrine requires every court to follow the decisions of courts that are higher in the judicial hierarchy" for "issues previously decided either explicitly or by necessary implication." (citations omitted)). This court's determination that the economic loss rule applied to Standard's tort claims against PAH presupposed a contract between Bronco and PAH based on the PAH proposal. The PAH proposal contained the fee-shifting provision in paragraph 14 of the Terms and Conditions.

Although the district court on remand said "it did not decide that the fee shifting provision in the Terms and Conditions was part of the agreement," *Standard Bank*, 2012 WL 3264288, at *2 (denial of attorney fees), we had previously determined PAH's proposal was the contract, *see Standard Bank*, 443 F. App'x at 348 & n.1. And because the proposal contains the fee-shifting provision, that provision is part of the Bronco-PAH

contract. Although we did not specifically address the fee-shifting provision in our previous decision, nothing in that decision, the contract, or the record suggests that any part of the proposal, including the fee-shifting provision, should be carved out or ignored.

We therefore reverse the district court to the extent it held the Bronco-PAH contract does not include the fee-shifting provision.

### B. *Is the Fee-Shifting Provision Valid Against Bronco?*

This next issue presents us with a difficult choice: whether we should attempt to address the validity of the fee-shifting provision under Colorado law.

On the one hand, the court's order appears to address the fee shifting provision's validity even though its brief analysis addresses only lack of negotiation between Bronco and PAH and lack of acceptance by Bronco—matters that speak more to contract formation than the validity of certain provisions. Even so, the Colorado Supreme Court has suggested that how an agreement is made has some bearing on whether a fee-shifting provision is valid. *See Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1193 (Colo. 2001). And even if the district court's analysis was incomplete, the interest in judicial economy points to addressing the validity question on this appeal.

On the other hand, it is not entirely clear the district court addressed the validity issue. If it did, the court wrote only three sentences without discussion of or citation to any Colorado cases. If we were to find the provision valid, we would still remand to the district court to decide whether it applies to Standard because the district did not address that question. This undercuts the judicial economy point made above. Moreover, we

already have decided to reverse the district court on the first issue of whether the provision is part of the PAH-Bronco contract. Finally, we lack the benefit of the district court's full consideration of the validity question, which itself might benefit from this court's analysis of the first issue.

In light of the foregoing, we think the prudent course is to reverse the district court to the extent it ruled that the fee-shifting provision is not part of the contract, and to remand for further consideration of whether the fee-shifting provision is valid.

C. ***Does the Fee-Shifting Provision Apply to Standard?***

Due to the manner in which the district court denied PAH's request for fees and costs, it did not discuss whether the fee-shifting provision applies to Standard. We generally do not consider issues not ruled on in the district court. *See Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1238 (10th Cir. 2005) ("Where an issue has been raised, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially."); *Workman v. Jordan*, 958 F.2d 332, 337 (10th Cir. 1992).

We therefore remand for the district court to determine whether the fee-shifting provision applies to Standard if it determines the fee-shifting provision is valid.

## III.  **CONCLUSION**

For the foregoing reasons, we reverse and remand to the district court for further consideration of PAH's motion to recover costs, including attorney fees, consistent with this opinion.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge